ALEXANDER M. CHEMERS, CA Bar No. 119847
zander.chemers@ogletree.com
OMAR M. ANIFF, CA Bar No. 315446
omar.aniff@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:      213-239-9800
Facsimile:      213-239-9045

Attorneys for Defendant
IKEA DISTRIBUTION SERVICES, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRAVIS BERNARDS, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>IKEA DISTRIBUTION SERVICES, INC.; AND DOES 1 TO 100, INCLUSIVE,<br><br>Defendants. | Case No. 3:24-cv-6872<br><br>**DEFENDANT IKEA DISTRIBUTION SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[*Filed concurrently with Civil Cover Sheet; Certification of Interested Parties and Disclosure Statement; Notice of Pendency; and Declarations of Ariel Kumpinsky, Christopher Blevins, and Omar M. Aniff in Support of Removal*]<br><br>Complaint Filed:  August 23, 2024 |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF TRAVIS BERNARDS AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT defendant IKEA Distribution Services, Inc. ("Defendant"), by and through the undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of Napa to the United States District Court for the Northern District of California under 28 U.S.C. § 1332(d) (the Class Action Fairness Act ["CAFA"]) and § 1446.

The foregoing facts were true when plaintiff Travis Bernards ("Plaintiff") filed his putative class action complaint ("Complaint") and remain true as of the date of filing this Notice of Removal. Removal jurisdiction is therefore appropriate as detailed more fully below.

## I.    STATE COURT ACTION

1.    Plaintiff filed his Complaint on August 23, 2024 in the Napa County Superior Court ("Action").  *See* Declaration of Omar M. Aniff ("Aniff Decl."), ¶ 2; Ex. 1 (Complaint).  The Action was assigned Case No. 24CV0001465.  *Id.*  A true and correct copy of the Complaint is attached as **Exhibit 1**.

2.    Plaintiff's Complaint asserts causes of action for: (1) Failure to Pay Wages For All Hours Worked At Minimum Wages In Violation of Labor Code Sections 1194 and 1197; (2) Failure to Pay Overtime Wages For Daily Overtime Worked in Violation of Labor Code Sections 510 and 1194; (3) Failure to Authorize or Permit Meal Periods In Violation of Labor Code Sections 512 and 226.7; (4) Failure to Authorize or Permit Rest Periods In Violation of Labor Code Section 226.7; (5) Failure to Provide Complete and Accurate Wage Statements in Violation of Labor Code Section 226; (6) Failure to Timely Pay All Earned Wages and Final Paychecks Due At Time of Separation of Employment in Violation of Labor Code Sections 201, 202, and 203; and (6) Unfair Business Practices in Violation of Business and Professions Code Sections 17200, et seq.

3.    Plaintiff served his Complaint on Defendant on August 29, 2024.  *See* Declaration of Christopher Blevins ("Blevins Decl."), ¶ 3; Aniff Decl., ¶ 3.  True and correct copies of the rest

of the documents that were served on Defendant's agent for service of process are attached as **Exhibit 2** to this Notice of Removal.

4.     On September 30, 2024, Defendant filed an Answer to Plaintiff's Complaint in Napa County Superior Court.  *See* Aniff Decl., ¶ 4.  A true and correct copy of the Answer is attached as **Exhibit 3.**

5.     As further required by 28 U.S.C. § 1446(a), Defendant hereby provides this Court with copies of all process, pleadings, and orders received by Defendant in this action.  Defendant has not been served with any pleadings, process, or orders besides those attached as Exhibits 1 through 3.

6.     Plaintiff has not yet identified any of the fictitious "Doe" defendants identified in the Complaint, and the citizenship of "Doe" defendants is disregarded for the purposes of removal.  28 U.S.C. § 1441(a); *McCabe v. General Foods Corp*., 811 F.2d 1336, 1339 (9th Cir. 1987).

## II.     REMOVAL IS TIMELY

7.     Under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a), Defendant's deadline to remove the Action is September 30, 2024.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 US 344, 354 (1999).  This removal is timely.

## III.     REMOVAL IS PROPER UNDER CAFA

8.     CAFA grants district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which (1) any member of a class of plaintiffs is a citizen of a state different from any defendant; (2) the number of members of all proposed plaintiff classes in the aggregate is over 100; and (3) where the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs.  28 U.S.C. § 1332(d).  CAFA authorizes such removal under 28 U.S.C. § 1446.

9.     This Court has original jurisdiction over the Action under CAFA because it is a civil case filed as a class action wherein at least one member of the putative class is a citizen of a state different from Defendant, the number of individuals in the proposed classes in the aggregate is over 100, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

64482615.v3-OGLETREE

**A.**    <u>CAFA's Diversity of Citizenship Requirement is Satisfied</u>

10.    <u>Citizenship of Plaintiff and putative class members</u>.  For diversity purposes, an individual is a "citizen" of the state in which he is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  An individual's domicile is the place he resides with the intention to remain or to which he intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

11.    The Complaint alleges that "Plaintiff is and was a resident of California."  Ex. 1, ¶ 3.  Plaintiff also provided Defendant an address located in the State of California for employment and payroll purposes.  Blevins Decl., ¶ 8.

12.    Members of the proposed class, who by definition are or were employed in California, are presumed to be primarily citizens of the State of California.  *See, e.g.*, *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) ("place of employment" an important factor weighing in favor of citizenship).  Thus, even if Plaintiff was somehow a citizen of Delaware and/or Pennsylvania as Defendant is (and there is no evidence that Plaintiff is), there is no possible way that the citizenship of hundreds of putative class members, all of whom worked in California (Ex. 1, ¶ 42(A)-(J)), were also citizens of Delaware and/or Pennsylvania.

13.    <u>Citizenship of Defendant</u>.  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The United States Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *The Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).  The Supreme Court concluded that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Id.* at 1184.  The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination."  *Id.*

14.    At all relevant times, Defendant has been a citizen of Delaware and Pennsylvania.  First, Defendant has been a company organized under the laws of Delaware.  *See* Blevins Decl., ¶ 2.

15.     Second, Defendant's principal place of business is in Conshohocken, Pennsylvania. *Id.* Defendant's principal place of business is in Pennsylvania because its U.S. headquarters are located there. *Id.* Defendant's executive and administrative operations are managed from its Pennsylvania headquarters and its executive officers, including its Country Retail Manager (CEO), Chief Financial Officer, Secretary, Country Legal Manager (General Counsel) and certain other executive leaders maintain their offices in Pennsylvania, where they make and implement company-wide operating, financial and accounting, employee relations, and other policy decisions. *Id.*

16.     Defendant has not been incorporated in California and has not had its headquarters, executive offices, or principal place of business in California. *Id.* Accordingly, Defendant is a citizen of Pennsylvania and Delaware, and not a citizen of California.

17.     The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998).

18.     Minimal diversity is established because Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Pennsylvania. Removal is therefore proper under 28 U.S.C. § 1332(d). *Serrano v. 180 Connect Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007).

**B.     CAFA's Class Size Requirement Is Satisfied**

19.     Plaintiff brings the Action pursuant to California Code of Civil Procedure § 382 on behalf of numerous subclasses (collectively defined as the "Class"), including persons that fall within this category:

> All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California. Ex. 1, ¶ 42(A)-(J).

20.     Defendant's employment records show that there are hundreds of current and former employees who fall within Plaintiff's proposed class. As of the date of removal, during the Class Period (August 23, 2020 through September 2, 2024), Defendant employed at least 956 employees who fall within the proposed class. Declaration of Ariel Kumpinsky ("Kumpinsky Decl."), ¶ 5. Thus, CAFA's size requirement is satisfied.

**C.**     **CAFA's Requisite $5 Million Amount In Controversy Is Satisfied**

21.     Plaintiff has not alleged a specified amount in controversy in the Complaint.  *See generally* Ex. 1.

22.     In order to remove a class action pursuant to CAFA, the amount in controversy must exceed $5,000,000, and it is the removing party's burden to establish "by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013).  To do so, the removing defendant must "produce underlying facts showing only that it is *more likely than not* that the amount in controversy exceeds $5,000,000.00, assuming the truth of the allegations plead in the Complaint."  *Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, at *5 (E.D. Cal. May 1, 2007) (emphasis in original).

23.     In considering the evidence submitted by the removing defendant, the Court must "look beyond the complaint to determine whether the putative class action meets the [amount in controversy] requirements," adding "the potential claims of the absent class members" and attorneys' fees.  *Rodriguez*, 728 F.3d at 981 (citing *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 185 L.Ed. 2d 439 (2013)); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 705 (9th Cir. 2007).  Furthermore, "[i]n considering whether the amount in controversy is clear from the face of the complaint, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint."  *Altamirano v. Shaw Indus., Inc.*, 2013 WL 2950600, at *4 (N.D. Cal. June 14, 2013) (citing *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008)); *see also Muniz*, 2007 WL 1302504, at *3.

24.     In alleging the amount in controversy for purposes of CAFA removal, Defendant does not concede in any way that the allegations in the Complaint are accurate, or that Plaintiff is entitled to any of the monetary relief requested in the Complaint.  Nor does Defendant concede that any or all putative class members are entitled to any recovery in this case, or are appropriately included in the Action.  While Defendant denies the validity of Plaintiff's claims and requests for relief and does not concede in any way that the allegations in the Complaint are accurate, that Plaintiff's claims are amenable to classwide treatment, or that Plaintiff or the purported class are

6

1  entitled to any of the requested relief, the allegations in the Complaint show it is more likely than

2  not that the amount in controversy exceeds the jurisdictional minimum. *See Guglielmino*, 506 F.3d

3  at 700.

4          25.     As described further below, as well as in the concurrently filed declarations from

5  Ariel Kumpinsky, Christopher Blevins, and Omar M. Aniff,[1] the amount in controversy exceeds

6  the jurisdictional minimum of $5,000,000.

7                        **1.      Defendant's Estimate of the Amount in Controversy**

8          26.     In determining the amount in controversy to support its Notice of Removal,

9  Defendant relies on a conservative estimate based only on damages sought by Plaintiff in his

10  Complaint as a result of the alleged: (1) failure to provide the opportunity to take compliant meal

11  periods or pay premium wages in lieu thereof; (2) failure to authorize or permit compliant rest

12  periods or pay premium wages in lieu thereof; and (3) failure timely pay wages upon separation of

13  employment. Because the amounts in controversy for these four claims alone satisfy the

14  jurisdictional minimum requirement of $5 million, Defendant does not include additional estimates

15  of the amounts placed in controversy by Plaintiff's other allegations in the Complaint, including

16  potential damages sought for the allegations of: (1) failure to pay minimum wages; (2) failure to

17  pay overtime wages; (3) failure to provide accurate wage statements; and (4) unfair business

18  practices. *See generally* Ex. 1; *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794

19  (9th Cir. 2018) (holding that when an award of attorneys' fees is authorized by statute, the request

20

21  _____

22  [1] For purposes of effecting removal pursuant to 28 U.S.C. § 1332(d), declarations from defendants
and their counsel constitute sufficient evidence to establish the amount in controversy. *See, e.g.*,
23  *Muniz*, 2007 WL 1302504, at *2, *5 (relying on the evidence submitted by the defendant in the
form of a declaration from its employee relations manager, which "set forth the underlying facts
24  needed to calculate the amount in controversy," and a declaration from its counsel, which
calculated the amount in controversy based on the underlying facts and in light of the laws
25  governing the plaintiff's claims, and finding that the defendant had shown that "it is more likely
than not that the jurisdictional threshold of $5,000,000.00 is met"); *Jasso v. Money Mart Express,
26  Inc.*, No. 11-CV-5500 YGR, 2012 WL 699465, at *4 (N. D. Cal. Mar. 1, 2012) (finding there was
"adequate foundation" for the declaration submitted by the defendant's human resources director
27  regarding "the numbers of employees, payperiods [sic] and average rates of pay during the
applicable limitations periods," which was derived from a compilation of "information that is kept
28  in the normal course of business," and relying on the declaration to find that the defendant had met
its burden to establish the amount in controversy in excess of CAFA's jurisdictional threshold).

DEFENDANT IKEA DISTRIBUTION SERVICES, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

64482615.v3-OGLETREE

for attorneys' fees is properly considered in determining the amount in controversy for removal purposes). That said, Defendant reserves the right to do so in opposition to any remand motion.

27. Additionally, Defendant's estimates are based, in significant part, on only *fifteen month* period from August 23, 2020 to December 11, 2021, compared to the alleged four-year liability period. While Defendant can and will supplement this showing in the future, Defendant was only able to analyze limited payroll and timekeeping data in the 30-day removal period. Considering that Defendant has shown the amount in controversy is satisfied using only a small portion of the proposed liability period, it is clear that the Court has subject matter jurisdiction under CAFA and particularly considering the full four-year period.

            **(a)**      **The amount placed in controversy by the failure to meal period claim.**

28. In his Third Cause of Action, Plaintiff alleges that Defendant failed to provide putative class members with meal periods or premium payment in lieu thereof. Ex. 1, ¶¶ 68-69. Plaintiff further alleges with respect to his meal period claims that Defendant's "policies, practices, and/or procedures" included: "Requiring Plaintiff and similarly situated employees to remain on-duty during their off-the-clock meal breaks due to Defendants' requirement that Plaintiffs and similarly situated employees keep the company's cell phone on them and monitored at all times during their shift including during off the clock meal breaks so they can be contacted by Defendants or Defendants' clients at any time during their shift." Ex. 1, ¶¶ 28(b), 68(b).

29. **Plaintiff alleges a 100% violation rate.** Unlike many wage-and-hour class-action complaints that deal in generalities and alleged unlawful conduct that "may" occur, Plaintiff's Complaint is unequivocal. Plaintiff seeks to represent a "Meal Period Class" that consists of "[a]ll current and formerly hourly non-exempt employees . . . who worked shifts more than five (5) hours yet Defendants failed to authority or permit all required duty-free meal periods of not less than thirty (30) minutes." Ex. 1, ¶ 42(D). He then alleges, *without limitation*, that Defendant "[r]equir[ed] Plaintiff and similarly situated employees to remain on-duty during their off-the-clock meal breaks due to Defendants' requirements [to] keep the company's cell phone on them and monitored at all times . . . ." **Therefore, Plaintiff alleges that *every* meal period was non-**

**compliant and on-duty because of this supposed requirement to carry and answer a company–issued phone.**

30.     Under California law, employees who are not provided meal periods are entitled to one hour of premium pay for each day that a meal period is not provided.  Labor Code § 226.7(c). Meal period claims are properly considered in determining the amount in controversy.  *See, e.g., Chavez v. Pratt (Robert Mann Packaging), LLC*, 2019 WL 1501576, at *3 (N.D. Cal. Apr. 5, 2019); *Muniz*, 2007 WL 1302504, at *4; *Helm v. Alderwoods Grp., Inc.*, 2008 WL 2002511, at *8 (N.D. Cal. May 7, 2008).

31.     "[R]emoving parties have been permitted to base their calculations on a 100% violation rate when such assumptions are 'supported directly by, or reasonably inferred from, the allegations in the complaint."  *Cortez v. United Natural Foods, Inc.*, Case No. 18-cv-04603-BLF, 2019 WL 955001 at *5 (N.D. Cal. Feb. 27, 2019) (internal quotation marks removed).  Here, Plaintiff alleges that "Plaintiff and similarly situated employees [were required] to remain on-duty during their off-the-clock meal breaks due to Defendants' *requirement* that Plaintiffs and similarly situated employees keep the company's cell phone on them and monitored *at all times* during their shift *including during off the clock meal breaks*."  Ex. 1, ¶¶ 28(b), 68(b) (emphasis added).  The Complaint supports, both directly and through reasonable inference, that Plaintiffs and putative class members were never provided a compliant meal period because they were *required* to remain on duty during every meal period.  This type of allegation supports a 100% violation rate.  *See, e.g., Johnson v. Air Prods. & Chemicals*, Case No. 2:22-cv-07327-JLS-PD, 2023 WL 170550 at *3 (C.D. Cal. Jan. 12, 2023) (Similar to the allegations in this Complaint, plaintiff alleged that "'policies, practices, and/or procedures' resulting in failure to provide meal and rest periods . . . [and] also allege[d] that he and similarly-situated employees *always* had to remain with their trucks" during meal periods, which the court found "supports a 100% violation rate" and that "is difficult to interpret it otherwise"); *Sanchez v. Russell Sigler, Inc.*, Case No. CV 15-01350-AB (PLAx), 2015 WL 12765359 at *6 (C.D. Cal. Apr. 28, 2015) ("Defendant's use of a 100% violation rate is proper in this case because Plaintiff's complaint alleges . . . that 'at all material

1  times,' Defendant failed to provide putative class members with uninterrupted meal and rest

2  periods as required by California law.").

3      32.      Based on a review of Defendant's business records, during the period of August 23,

4  2020 through December 11, 2021, the putative class members worked an aggregate of at least

5  138,705 shifts that exceeded six hours in length[2] and received an average hourly rate of at least

6  $21.09.  *See* Kumpinsky Decl., ¶¶ 8, 10.

7      33.      Assuming a 100% violation rate based on the allegations in the Complaint,

8  Defendant's calculation of the amount placed in controversy based on Plaintiff's claim for failure

9  to provide legally compliant meal periods is at least $2,925,288.45.  The computation of the

10  amount in controversy is based on conservative calculations that during just a fifteen-month

11  portion of the proposed liability period, putative class members worked at least 138,705 meal

12  period eligible shifts, a 100% violation as a result of  not being provided any compliant meal

13  periods due to having to maintain and monitor company cell phone *at all times* during meal

14  periods, and each putative class member was entitled to one hour of premium wages at an average

15  hourly rate of $21.09.[3]

16      34.      **Consequently, the amount placed in controversy based on Plaintiff's Meal**

17  **Period Claim is <u>at least $2,925,288.45</u>** (138,705 shifts of 6+ hours x 1 meal period premium at

18  $21.09 X 100% violation rate).

19

20

21

_____

22  [2] "An employer shall not employ an employee for a work period of more than five hours per day
   without providing the employee with a meal period of not less than 30 minutes, except that if the
23  total work period per day of the employee is no more than six hours, the meal period may be
   waived by mutual consent of both the employer and employee."  Labor Code § 512(a).  For
24  purposes of this removal, Defendant conservatively estimated that mutual waivers were in place for
   all putative class members and thus considered only shifts exceeding six hours.

25  [3]      Relying on the average hourly rate of pay is well-accepted for calculating the amount
   placed into controversy for meal and rest period claims.  *See, e.g., Elizarraz v. United Rentals, Inc.*,
26  2019 WL 1553664, at *2 (C.D. Cal. Apr. 9, 2019) (meal and rest); "[T]he average wage of class
   members during the relevant period is an acceptable method on which to base the amount-in-
27  controversy calculation; *Hernandez v. Nuco2 Mgmt., LLC*, 2018 WL 933506, at *5 (E.D. Cal. Feb.
   16, 2018) (holding that "the average wage of class members during the relevant period is an
28  acceptable method on which to base the amount-in-controversy calculation").

64482615.v3-OGLETREE

**(b)    The amount placed in controversy by the failure to provide rest breaks claim.**

35.    In his Fourth Cause of Action, Plaintiff alleges that Defendant failed to provide putative class members with rest breaks or premium payment in lieu thereof.  Ex. 1, ¶¶ 77-78.  Just as he does with his meal period claim, Plaintiff alleges with respect to his rest period claim that Defendant's "policies, practices, and/or procedures" included:  "Requiring Plaintiff and similarly situated employees to remain on-duty during their rest breaks due to Defendants' requirement that Plaintiff's [sic] and similarly situated employees' [sic] keep the company's cell phone on them and monitored at all times during their shift including during rest breaks so they can be contacted by Defendants or Defendants' clients at any time during their shift."  Ex. 1, ¶¶ 34(b), 77(b).

36.    **Plaintiff again alleges a 100% violation rate.**  Just as he does with his "Meal Period Class," Plaintiff seeks to represent a "Rest Period Class" that consists of "[a]ll current and formerly hourly non-exempt employees . . . who worked shifts of at least three-and-a-half (3.5) hours who did not receive all required duty-free rest periods . . . ."  Ex. 1, ¶ 42(F).  He then alleges, *without limitation*, that Defendant "[r]equir[ed] Plaintiff and similarly situated employees to remain on-duty during their rest breaks due to Defendants' requirements [to] keep the company's cell phone on them and monitored at all times . . . ."  **Therefore, Plaintiff alleges that *every* rest breaks was non-compliant and on-duty because of this supposed requirement to carry and answer a company–issued phone.**

37.    Under California law, employers must provide at least one 10-minute rest period for shifts 3.5 hours or greater.  *Brinker Rest. Corp. v. Sup. Ct.*, 53 Cal. 4th 1004, 1029 (2012).  Employees who are not provided the opportunity to take a rest period are entitled to one hour of premium pay for each day that the opportunity to take a rest period is not provided.  *United Parcel Serv. Wage & Hour Cases*, 196 Cal. App. 4th 57, 63 (2011).  Rest period claims are properly considered in determining the amount in controversy.  *See, e.g., Arias v. Residence Inn by Marriott*, 936 F.3d 920, 926-27 (9th Cir. 2019).

38.    Courts accept an assumed 100% rest period violation rate when there are allegations of widespread failures to provide rest periods, as there are here.  *See, e.g., Johnson v. Air Prods. &*

*Chemicals*, Case No. 2023 WL 170550 at * 3 (C.D. Cal. Jan. 12, 2023); *Sanchez v. Russell Sigler, Inc*., 2015 WL 12765359, at *6 (C.D. Cal. Apr. 28, 2015) (accepting a 100% rest period violation rate where plaintiff "alleges that 'at all material times,' Defendant failed to provide putative class members with uninterrupted meal and rest periods"); *Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) (approving 100% rest period violation rate where plaintiff alleges that defendant maintained uniform policies, practices, and procedures that caused violation of California's rest period laws); *Dawson v. Hitco Carbon Composites, Inc.*, 2016 WL 7235629, at *4 (C.D. Cal. Dec. 14, 2016) (approving 100% rest period violation rate based on allegation that "[a]t all material times," defendant failed to provide the requisite uninterrupted meal periods and rest periods"); *Feltzs v. Cox Commc'ns Cal., LLC*, 2020 WL 133687, at *4 (C.D. Cal. Jan. 13, 2020) (finding allegations of "consistently" violating meal periods supported a 100% rate).

39.    Based on a review of Defendant's business records, looking just at the period from August 23, 2020 through December 11, 2021, the putative class members worked an aggregate of at least 148,382 shifts that exceeded three and one half hours in length and received an average hourly rate of at $21.09.  *See* Kumpinsky Decl., ¶ 8, 9.

40.    Based on a 100% violation rate based on the allegations in the Complaint, Defendant's calculation of the amount placed in controversy based on Plaintiff's claims of failure to provide legally compliant rest periods is at least $3,129,376.38.  The computation of the amount in controversy is based on conservative calculations that during just a fifteen-month portion of the proposed liability period, putative class members worked at least 148,382 shifts that exceeded three and one half hours in length, a 100% violation as a result of not being provided any compliant rest periods due to having to maintain and monitor company cell phone *at all times* during rest breaks, and each putative class member was entitled to one hour of premium wages at an average hourly rate of $21.09.

41.    **Consequently, the amount placed in controversy based on Plaintiff's Rest Period Claim is <u>at least $3,129,376.38</u>** (148,382 shifts of 3.5+ hours x 1 rest period premium at $21.09 X 100% violation rate).

**(c)     The amount placed in controversy by the failure to timely pay wages upon separation.**

42.     Plaintiff's Sixth Cause of Action alleges that "Defendants failed to pay Plaintiff and on information and belief, the Waiting Time Class, with all wages earned and unpaid prior to separation of employment[.]"  Ex. 1, ¶ 160.  Plaintiff alleges Plaintiff and other similarly situated employees have not been paid wages due at termination because "Defendants maintained a policy or practice of not paying all earned wages timely upon separation of employment" and "Defendants' practices include[d] failing to pay . . . meal period premium wages, and/or rest period premium wages."  *Id.* at ¶¶ 160-161.

43.     Plaintiff further alleges "Defendants' failure to pay Plaintiff and the Waiting Time Class with all wages earned prior to separation of employment timely in accordance with Labor Code sections 201 and 202 was willful."  *Id.* at ¶ 161.

44.     As a result of Defendant's alleged unlawful conduct Plaintiff and other members of the Waiting Time Class are "entitled to continuation of their wage, from the day their earned and unpaid wages were due until paid, up to a maximum of thirty (30) days."[4]  *Id.* at ¶ 163.  Plaintiff further asserts that he and the Waiting Time Class are "entitled to recover the full amount of their unpaid wages, continuation wages under Labor Code section 203, and interest thereon, and reasonable attorneys' fees and costs under Labor Code section 218.5."  *Id.* at ¶ 166.

45.     Pertinent here, under Labor Code section 203, "[i]f an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid . . . but the wages shall not continue for more than 30 days."  Cal. Lab. Code § 203(a).  A three-year statutory period applies to Plaintiff's claim for waiting time penalties.  *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1398 (2010).

46.     Here, because Plaintiff alleges that Defendant had a "pattern and practice" of failing to pay employees their final wages (Ex. 1, ¶ 160) as a result of "Defendants' practice" of "failing to

---

[4] These penalties are also referred to as "Waiting Time Penalties."

pay . . . meal period premium wages, and/or rest period premium waves" (*Id.*, at ¶ 161), it is reasonable to calculate the amount in controversy for this claim based on a 30-day penalty calculated at each former employee's daily wage rate. *See Quintana v. Claire's Stores, Inc.*, No. 13-0368-PSG, 2013 WL 1736671, at *6 (N.D. Cal. Apr. 22, 2013) (finding that the defendant's waiting time penalties calculation was "supported by Plaintiff's allegations" and was "a reasonable estimate of the potential value of the claims" where the complaint alleged that the defendants "regularly required" putative class members to work off-the-clock without compensation, and the defendants estimated that each putative class member "potentially suffered at least one violation that continues to be unpaid"); *Stevenson v. Dollar Tree Stores, Inc.*, No. CIV S-11-1433 KJM, 2011 WL 4928753, at *4 (E.D. Cal. Oct. 17, 2011) (finding it reasonable for the defendant to assume, in light of plaintiff's allegation that members of the putative class "routinely" missed meal periods, that "all members of the proposed class . . . would have missed a meal period as described in the complaint at least once and were thus entitled to the waiting time penalty"); *Mackall v. Healthsource Global Staffing, Inc.*, No. 16-cv-03810-WHO, 2016 WL 4579099, at *4-6 (N.D. Cal. Sept. 2, 2016) (holding that a 100% violation rate appropriate, given allegations that the defendant "consistently maintained and enforced unlawful policies" and failed to pay overtime that was "regularly worked"); *Garza v. Brinderson Constructors, Inc.*, 178 F. Supp. 3d 906, 912 (N.D. Cal. 2016) (approving a 100% violation rate for waiting time penalty calculations based on "at all relevant times" language); *Mendoza v. National Vision, Inc.*, No. 19-cv-01485-SVK, 2019 WL 2929745, at *4-6 (N.D. Cal. Jul. 8, 2019) (holding that it was reasonable to assume a 100% violation rate for waiting time penalties due to allegations that the defendant "regularly and consistently" failed to pay overtime wages as part of its "uniform policies and practices"); *Chavez v. Pratt (Robert Mann Packaging), LLC*, Case No. No. 19-cv-00719-N, 2019 WL 1501576 at *3 (N.D. Cal. Apr. 5, 2019) (finding that claims of a "pattern and practice" of failing to pay class members all final wages supports a 100% violation rate).

47.     Here, at least 313 putative class members separated from employment in the three-year liability period.  Kumpinsky Decl., ¶ 6.  Because the full amount of waiting time penalties does not accrue until 30 days after the last day of employment, Defendant limited this calculation to persons whose employment with Defendant ended from August 23, 2020 to August 30, 2024, *i.e.*, at

least 30 days prior to the date of this Removal.  The 313 persons whose employment ended during that period had an average hourly rate of at least $21.78.  *Id.* at ¶ 7

48.    The average shift length of putative class members in the available data was 8.07 hours.  Kumpinsky Decl., ¶ 11.  In light of the fact that the timekeeping data was only for a portion of the proposed class period, Defendant is, for now, conservatively assuming an average shift length of only 6 hours, even though this is more than 2 hours less than the data analyzed thus far.  Using a conservative assumption of shift lengths of 6 hours, **the amount placed in controversy by the Plaintiff's claim for failure to pay wages up on separation is at least $1,227,085.20** ((($21.78 x 6 hours) x 30 days) x 313 separated putative class members).

(d)    **Summary of Defendant's calculations.**

49.    As described above, a conservative estimate of the amount in controversy presented by Plaintiff's meal period, rest period, and waiting time penalties claims exceed the jurisdictional minimum of $5,000,000.  These three claims have placed at least $7,281,750.03 in controversy, summarized as follows:

| Claim | Estimated Exposure |
|---|---|
| Meal Period | $2,925,288.45 |
| Rest Period | $3,129,376.38 |
| Waiting Time Penalty Claim | $1,227,085.20 |
| **Total** | **$7,281,750.03** |

50.    Consequently, the amount placed in controversy by Plaintiff's claims exceeds the $5,000,000 jurisdictional threshold of 28 U.S.C. § 1332(d).

**IV.    THE AMOUNT IN CONTROVERSY FURTHER INCREASES DUE TO ADDITIONAL SHIFTS, CLAIMS, AND ATTORNEYS' FEES**

51.    For purposes of this removal, the above calculations are more than sufficient to support the required $5 million threshold amount in controversy.  If challenged, however, Defendant can demonstrate that Plaintiff has placed additional amounts at stake.  That includes the fact that: (1)

Defendant only analyzed data for a portion of the proposed liability period; (2) Defendant only relied on certain of Plaintiff's claims; and (3) Defendant did not include the attorneys' fees sought by Plaintiff. Defendant briefly previews these items here.

52. **Defendant only analyzed shift data for a portion of the proposed class period**. As explained above, Defendant's analysis of the meal period and rest break claims is based on data for only a fifteen-month period from August 23, 2020 through December 11, 2021. Given additional time beyond the brief 30-day removal period, Defendant will analyze additional timekeeping and payroll data for a longer period. This would serve to more than double the number of meal period and rest break-eligible shifts in the four-year liability period.

53. **Defendant only analyzed three of Plaintiff's claims and certain of his theories.** Plaintiff asserts seven causes of action in his Complaint, and yet Defendant has relied on only three of them to establish the amount in controversy. Most significantly, Defendant has not accounted for Plaintiff's unpaid minimum wage and overtime claims or for Plaintiff's claim for wage statement penalties. These claims, which are premised on the same allegation that Defendant comprehensively failed to provide Plaintiff and other employees with off-duty meal periods and rest breaks, further increases the amount at stake. In addition, there are additional theories of liability that Defendant did not even account for here, such as Plaintiff's contention that Defendant has unlawful rounding policies.

54. **Defendant did not account for attorneys' fees sought by Plaintiff.** Plaintiff also seek to recover attorneys' fees in connection with the above claims. Ex. 1 [Prayer for Relief]. In the Ninth Circuit, 25% of the total recovery is the "benchmark level" for reasonable attorney fees in class action cases. *Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013). Using this 25% benchmark, courts have included attorney fees for 25% of the total recovery in determining the amount in controversy under CAFA. *Id.* (contemplating inclusion of 25% of total recovery in attorney fees under CAFA); *Rwomwijhu v. SMX, LLC*, No. CV160105ABPJWX, 2017 WL 1243131, at *6 (C.D. Cal. Mar. 3, 2017) (including fees in calculation, noting that "courts in the Ninth Circuit, including this one, have allowed an estimated fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA"); *Sanchez v. Russell Sigler, Inc.*,

16

No. CV-1501350ABPLAX, 2015 WL 12765359, at *7 (C.D. Cal. Apr. 28, 2015) (same).  "[W]hen a statute or contract provides for the recovery of attorney fees, prospective attorney fees must be included in the assessment of the amount in controversy."  *Arias v. Residence Inn by Marriott, supra*, 936 F.3d at 922 (citing *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 889 F.3d 785, 794 (9th Cir. 2018).

## V.    DEFENDANT HAS SATISFIED THE REMAINING REMOVAL REQUIREMENTS

55.    <u>Venue is Proper</u>.  In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District in which the action is pending.  The Superior Court of the State of California for the County of Napa is located within the Northern District of California.  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

56.    In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits to this Notice.

57.    In accordance with 28 U.S.C. § 1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of Napa.  Notice of compliance shall be filed promptly afterward with this Court.

58.    As required by Federal Rule of Civil Procedure rule 7.1, Defendant has concurrently filed its Certificate of Interested Parties and Disclosure Statement.

59.    Finally, in the event this Court has any question regarding the propriety of this Notice of Removal, Defendant requests that the Court issue an Order to Show Cause so that Defendant may have an opportunity to more fully brief the basis for this removal.

WHEREFORE, Defendant removes this action to this Court.

DATED:  September 30, 2024                OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  /s/ Omar M. Aniff
         Alexander M. Chemers
         Omar M. Aniff

Attorneys for Defendant
IKEA DISTRIBUTION SERVICES, INC.

17

# EXHIBIT 1

1  Joseph Lavi, Esq. (SBN 209776)
   Vincent C. Granberry, Esq. (SBN 276483)
2  **LAVI & EBRAHIMIAN, LLP**
   8889 W. Olympic Boulevard, Suite 200
3  Beverly Hills, California 90211
   Telephone: (310) 432-0000
4  Facsimile: (310) 432-0001
   Email: jlavi@lelawfirm.com
5         vgranberry@lelawfirm.com

6
   Attorneys for Plaintiff TRAVIS BERNARDS,
7  on behalf of himself and others similarly situated

FILED
8/23/2024 1:46 PM
Clerk of the Napa Superior Court
By: Lori Walker, Deputy

8
            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9
               **FOR THE COUNTY OF NAPA**
10
                                              Case No.:      24CV001465
11  TRAVIS BERNARDS, on behalf of himself and
    others similarly situated                 **CLASS ACTION**
12
            Plaintiff,                         **PLAINTIFF TRAVIS BERNARDS'S**
13                                             **COMPLAINT FOR DAMAGES AND**
         vs.                                   **RESTITUTION FOR:**
14
    IKEA DISTRIBUTION SERVICES, INC.; and       1. **FAILURE TO PAY WAGES FOR**
15  DOES 1 to 100, inclusive,                      **ALL HOURS WORKED AT**
                                                   **MINIMUM WAGE IN**
16          Defendants.                            **VIOLATION OF LABOR CODE**
                                                   **SECTIONS 1194 AND 1197**
17
                                                2. **FAILURE TO PAY OVERTIME**
18                                                 **WAGES FOR DAILY**
                                                   **OVERTIME WORKED IN**
19                                                 **VIOLATION OF LABOR CODE**
                                                   **SECTIONS 510 AND 1194**
20
                                                3. **FAILURE TO AUTHORIZE OR**
21                                                 **PERMIT MEAL PERIODS IN**
                                                   **VIOLATION OF LABOR CODE**
22                                                 **SECTIONS 512 AND 226.7**

23                                              4. **FAILURE TO AUTHORIZE OR**
                                                   **PERMIT REST PERIODS IN**
24                                                 **VIOLATION OF LABOR CODE**
                                                   **SECTION 226.7**
25
                                                5. **FAILURE TO PROVIDE**
26                                                 **COMPLETE AND ACCURATE**
                                                   **WAGE STATEMENTS IN**
27                                                 **VIOLATION OF LABOR CODE**
                                                   **SECTION 226**
28
                                                6. **FAILURE TO TIMELY PAY**

                          **COMPLAINT**
                               1

EXHIBIT 1 - PAGE 18

**ALL EARNED WAGES AND FINAL PAYCHECKS DUE AT TIME OF SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

7.  **UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTIONS 17200, ET SEQ.**

**DEMAND FOR JURY TRIAL**

    **COMES NOW** Plaintiff TRAVIS BERNARDS ("Plaintiff"), who alleges and complains on information and belief except as to those allegations relating to Plaintiff himself which are asserted on personal knowledge, against Defendants IKEA DISTRIBUTION SERVICES, INC.; and DOES 1 to 100, inclusive (collectively "Defendants") as follows:

I.    **INTRODUCTION**

    1.    This is a class action lawsuit seeking unpaid wages and interest thereon for failure to pay wages for all hours worked at minimum wage and all overtime hours worked at the overtime rate of pay; failure to pay overtime wages at the proper overtime rate of pay; failure to authorize or permit all legally required and/or compliant meal periods  or pay meal period premium wages; failure to authorize or permit all legally required and/or compliant rest periods or pay rest period premium wages; statutory penalties for failure to provide accurate wage statements; statutory waiting time penalties in the form of continuation wages for failure to timely pay employees all wages due upon separation of employment; injunctive relief and other equitable relief; reasonable attorneys' fees pursuant to Labor Code sections 218.5, 226(e) and 1194; costs; and interest brought on behalf of Plaintiff and others similarly situated.

II.   **JURIDISCTION AND VENUE**

    2.    This Court has jurisdiction over Plaintiff's and putative class members' claims for failure to pay wages for all hours worked at minimum wage and all overtime hours worked at the overtime rate of pay; failure to pay overtime wages at the proper overtime rate of pay; failure to authorize or permit all legally required and/or compliant meal periods or pay meal period premium wages; failure to authorize or permit all legally required and/or compliant rest periods or pay rest

1  period premium wages; statutory penalties for failure to provide accurate wage statements;

2  statutory waiting time penalties in the form of continuation wages for failure to timely pay

3  employees all wages due upon separation of employment; and claims for injunctive relief and

4  restitution under California Business and Professions Code sections 17200, *et seq.*, for the

5  following reasons: Defendants operate throughout California; Defendants employed Plaintiff and

6  putative class members in locations throughout California, including but not limited to Napa

7  County, at 1 Middleton Way, Napa, CA 94558, more than two-thirds of putative class members

8  are California citizens; the principal violations of California law occurred in California; no other

9  class actions have been filed against Defendants in the last four (4) years alleging wage and hour

10  violations; the conduct of Defendants forms a significant basis for Plaintiff's and putative class

11  members' claims; and Plaintiff and putative class members seek significant relief from

12  Defendants.

13  **III.    PARTIES**

14      3.    Plaintiff brings this action on behalf of himself and other members of the general

15  public similarly situated. The named Plaintiff and the class of persons on whose behalf this action

16  is filed are current, former, and/or future employees of Defendants as direct employees as well as

17  temporary employees employed through temp agencies who work as hourly non-exempt

18  employees. At all times mentioned herein, the currently named Plaintiff is and was a resident of

19  California and was employed by Defendants in the State of California within the four (4) years

20  prior to the filing of this Complaint.

21      4.    Defendants employed Plaintiff as an hourly non-exempt employee from in or

22  around March 2018 until on or about June 4, 2024.

23      5.    Plaintiff is informed and believes and thereon alleges that Defendants employed

24  him and other hourly non-exempt employees throughout the State of California and therefore their

25  conduct forms a significant basis of the claims asserted in this matter.

26      6.    Plaintiff is informed and believes and thereon alleges that Defendant IKEA

27  DISTRIBUTION SERVICES, INC. is authorized to do business within the State of California and

28  is doing business in the State of California and/or that Defendants DOES 1-50 are, and at all times

EXHIBIT 1 - PAGE 20

1  relevant hereto were persons acting on behalf of Defendant IKEA DISTRIBUTION SERVICES,

2  INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices

3  or policies. Defendant IKEA DISTRIBUTION SERVICES, INC. operates in Napa County and

4  employed Plaintiff,and putative class members in Napa County, including but not limited to, at 1

5  Middleton Way, Napa, CA 94558.

6       7.    Plaintiff is informed and believes and thereon alleges that Defendants DOES 51-

7  100 are individuals unknown to Plaintiff. Each of the individual Defendants is sued individually in

8  his or her capacity as an agent, shareholder, owner, representative, supervisor, independent

9  contractor and/or employee of each Defendants and participated in the establishment of, or

10  ratification of, the aforementioned illegal wage and hour practices or policies.

11       8.    Plaintiff is unaware of the true names of Defendants DOES 1-100. Plaintiff sues

12  said Defendants by said fictitious names and will amend this Complaint when the true names and

13  capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted

14  by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named

15  Defendants is in some manner responsible for the events and allegations set forth in this

16  Complaint.

17       9.    Plaintiff is informed and believes and thereon alleges that at all relevant times, each

18  Defendants was an employer, was the principal, agent, partner, joint venturer, officer, director,

19  controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or

20  predecessor in interest of some or all of the other Defendants, and was engaged with some or all of

21  the other defendants in a joint enterprise for profit, and bore such other relationships to some or all

22  of the other defendants so as to be liable for their conduct with respect to the matters alleged in

23  this Complaint. Plaintiff is further informed and believe and thereon allege that Defendants acted

24  pursuant to and within the scope of the relationships alleged above, and that at all relevant times,

25  Defendants knew or should have known about, authorized, ratified, adopted, approved, controlled,

26  aided and abetted the conduct of all other Defendants. As used in this Complaint, "Defendants"

27  means "Defendants and each of them," and refers to the Defendants named in the particular cause

28  of action in which the word appears and includes Defendant IKEA DISTRIBUTION SERVICES,

1    INC. and DOES 1 to 100, inclusive.

2        10.    At all times mentioned herein, each Defendants was the co-conspirator, agent,

3    servant, employee, and/or joint venturer of each of the other Defendants and was acting within the

4    course and scope of said conspiracy, agency, employment, and/or joint venture and with the

5    permission and consent of each of the other Defendants.

6        11.    Plaintiff makes the allegations in this Complaint without any admission that, as to

7    any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and

8    Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

9    **IV.    DESCRIPTION OF ILLEGAL PAY PRACTICES**

10       12.    Pursuant to the applicable Industrial Welfare Commission ("IWC") Wage Order

11   ("Wage Order"), codified at California Code of Regulations, title 8, section 11040, Defendants are

12   employers of Plaintiff within the meaning of Wage Order 4 and applicable Labor Code sections.

13   Therefore, each of these Defendants is jointly and severally liable for the wrongs complained of

14   herein in violation of the Wage Order and the Labor Code.

15       13.    **Failure to pay wages for all hours worked at the legal minimum wage**:

16   Defendants employed many of their employees, including Plaintiff, as hourly non-exempt

17   employees. In California, an employer is required to pay hourly employees for all "hours worked,"

18   which includes all time that an employee is under the control of the employer and all time the

19   employee is suffered and permitted to work. This includes the time an employee spends, either

20   directly or indirectly, performing services which inure to the benefit of the employer.

21       14.    Labor Code sections 1194 and 1197 require an employer to compensate employees

22   for all "hours worked" at least at the minimum wage rate of pay as established by the IWC and the

23   Wage Orders.

24       15.    Plaintiff and similarly situated hourly non-exempt employees worked more minutes

25   per shift than Defendants credited them with having worked. Defendants failed to pay Plaintiff and

26   similarly situated employees all wages at the applicable minimum wage for all hours worked due

27   to Defendants' policies, practices, and/or procedures including, but not limited to:

28       (a) "Rounding down" or "shaving down" Plaintiff's and similarly situated employees'

EXHIBIT 1 - PAGE 22

1   total daily hours at the time of their clock-ins and clock-outs, including clock-ins and clock-outs

2   for meal breaks, to the nearest quarter of an hour, to the benefit of Defendants.

3        (b) Requiring Plaintiff and similarly situated employees to remain on-duty during their

4   off-the-clock meal breaks due to Defendants' requirement that Plaintiff's and similarly situated

5   employees' keep the company's cell phone on them and monitored at all times during their shift

6   including during off the clock meal breaks so they can be contacted by Defendants or Defendants'

7   clients at any time during their shift.

8        16.   Plaintiff and similarly situated employees were not paid for this time resulting in

9   Defendants' failure to pay minimum wage for all the hours Plaintiff and similarly situated

10  employees worked.

11       17.   Therefore, Defendants suffered, permitted, and required their hourly non-exempt

12  employees to be subject to Defendants' control without paying wages for that time. This resulted

13  in Plaintiff and similarly situated employees working time for which they were not compensated

14  any wages, in violation of Labor Code sections 1194, 1197, and Wage Order 4.

15       18.   **Failure to pay wages for overtime hours worked at the overtime rate of pay**

16  **and/or failure to pay overtime wages at the proper overtime rate of pay**: Defendants

17  employed many of their employees, including Plaintiff, as hourly non-exempt employees. In

18  California, an employer is required to pay hourly employees for all "hours worked," which

19  includes all time that an employee is under the control of the employer and all time the employee

20  is suffered or permitted to work. This includes the time an employee spends, either directly or

21  indirectly, performing services which inure to the benefit of the employer.

22       19.   Labor Code sections 510 and 1194 and Wage Order 4 require an employer to

23  compensate employees at a higher rate of pay for hours worked in excess of eight (8) hours in a

24  workday, more than forty (40) hours in a workweek, and on any seventh consecutive day of work

25  in a workweek:

26      Any work in excess of eight hours in one workday and any work in excess of 40
        hours in any one workweek and the first eight hours worked on the seventh day of

27      work in any one workweek shall be compensated at the rate of no less than one and
        one-half times the regular rate of pay for an employee. Any work in excess of 12

28      hours in one day shall be compensated at the rate of no less than twice the regular
        rate of pay for an employee. In addition, any work in excess of eight hours on any

EXHIBIT 1 - PAGE 23

seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

Labor Code section 510; Wage Order 4, §3.

20. Defendants failed to pay Plaintiff and similarly situated employees all wages at the applicable minimum wage for all hours worked due to Defendants' policies, practices, and/or procedures including, but not limited to:

(a) "Rounding down" or "shaving down" Plaintiff's and similarly situated employees' total daily hours at the time of their clock-ins and clock-outs, including clock-ins and clock-outs for meal breaks, to the nearest quarter of an hour, to the benefit of Defendants.

(b) Requiring Plaintiff and similarly situated employees to remain on-duty during their off-the-clock meal breaks due to Defendants' requirement that Plaintiff's and similarly situated employees' keep the company's cell phone on them and monitored at all times during their shift including during off the clock meal breaks so they can be contacted by Defendants or Defendants' clients at any time during their shift.

21. Plaintiff and similarly situated employees were not paid for this time.

22. To the extent the employees had already worked 8 hours in the day and on workweeks they had already worked 40 hours in a workweek, the employees should have been paid overtime for this unpaid time. This resulted in hourly non-exempt employees working time which should have been paid at the legal overtime rate but was not paid any wages in violation of Labor Code sections 510, 1194, and Wage Order 4.

23. Furthermore, overtime is based upon an employee's regular rate of pay. "The regular rate at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee." *See* Division of Labor Standards Enforcement – Enforcement Policies and Interpretations Manual, Section 49.1.2.

24. In this case, Plaintiff alleges that when he and similarly situated employees earned overtime wages, Defendants failed to pay them overtime wages at the proper overtime rate of pay due to Defendants' failure to include all remuneration when calculating the overtime rate of pay. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration such as annual bonus, for example, when calculating Plaintiff's and similarly

1    situated employees' regular rate of pay for the purpose of paying overtime.

2        25.    Defendants' foregoing policy, practice, and/or procedure resulted in Defendants

3    failing to pay Plaintiff and similarly situated employees at their overtime rate of pay for all

4    overtime hours worked, in violation of Labor Code sections 510, 1194, 1198, and the Wage Order.

5        26.    **Failure to authorize or permit all legally required and compliant meal periods**

6    **and/or failure to pay meal period premium wages:** Defendants often employed hourly non-

7    exempt employees, including the named Plaintiff and similarly situated employees, for shifts

8    longer than five (5) hours in length and shifts longer than ten (10) hours in length.

9        27.    California law requires an employer to authorize or permit an uninterrupted meal

10   period of no less than thirty (30) minutes no later than the end of the employee's fifth hour of

11   work and a second meal period no later than the employee's tenth hour of work. Labor Code

12   section 512; Wage Order 4, §11. If the employee is not relieved of all duties during a meal period,

13   the meal period shall be considered an "on duty" meal period and counted as time worked. A paid

14   "on duty" meal period is only permitted when (1) the nature of the work prevents an employee

15   from being relieved of all duty and (2) the parties have a written agreement agreeing to on-duty

16   meal periods. If the employee is not free to leave the work premises or worksite during the meal

17   period, even if the employee is relieved of all other duty during the meal period, the employee is

18   subject to the employer's control and the meal period is counted as time worked. If an employer

19   fails to provide an employee a meal period in accordance with the law, the employer must pay the

20   employee one (1) hour of pay at the employee's regular rate of pay for each workday that a legally

21   required and compliant meal period was not provided. Labor Code section 226.7; Wage Order 4,

22   §11.

23       28.    Here, Plaintiff and similarly situated employees worked shifts long enough to

24   entitle them to meal periods under California law. Nevertheless, Defendants employed policies,

25   practices, and/or procedures that resulted in their failure to authorize or permit meal periods to

26   Plaintiff and similarly situated employees of no less than thirty (30) minutes for each five-hour

27   period of work as required by law. Such policies, practices, and/or procedures included, but were

28   not limited to:

EXHIBIT 1 - PAGE 25

(a) "Rounding or "shaving" Plaintiff's and similarly situated employees' total daily hours at the time of their clock-ins and clock-outs, including clock-ins and clock-outs for meal breaks, to the nearest quarter of an hour, to the benefit of Defendants.

(b) Requiring Plaintiff and similarly situated employees to remain on-duty during their off-the-clock meal breaks due to Defendants' requirement that Plaintiff's and similarly situated employees' keep the company's cell phone on them and monitored at all times during their shift including during off the clock meal breaks so they can be contacted by Defendants or Defendants' clients at any time during their shift.

(c) Failing to provide Plaintiff and similarly situated employees a second uninterrupted duty-free meal period of no less than thirty (30) minutes for each workday that Plaintiff and similarly situated employees work shifts over ten (10) hours.

29.    Additionally, Defendants failed to pay Plaintiff and similarly situated employees  a meal period premium wage of one (1) additional hour of pay at their regular rate of compensation for each workday the employees did not receive all legally required and compliant meal periods. Defendants employed policies and procedures which ensured that employees did not receive any meal period premium wages to compensate them for workdays in which they did not receive all legally required and compliant meal periods.

30.    Finally, on occasions when Defendants paid Plaintiff and similarly situated employees a "premium" wage for late, missed, short, on-premise, on-duty, and/or interrupted meal periods, Defendants failed to pay the one (1) additional hour of pay at Plaintiff's and similarly situated employees' regular rate of compensation. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration such as annual bonus, for example, when calculating Plaintiff's and similarly situated employees' regular rate of pay for the purpose of paying meal period premium wages.

31.    The aforementioned policies, practices, and/or procedures of Defendants resulted in Plaintiff and similarly situated employees not being provided with all legally required and compliant meal periods and/or not receiving premium wages to compensate them for such instances, all in violation of California law.

EXHIBIT 1 - PAGE 26

32.    **Failure to authorize and permit all legally required and compliant rest periods and/or failure to pay rest period premiums:** Defendants often employed non-exempt employees, including the named Plaintiff and similarly situated employees, for shifts of least three-and-a-half (3.5) hours.

33.    California law requires every employer to authorize and permit an employee a rest period of ten (10) net minutes for every four (4) hours worked or major fraction thereof. Labor Code section 226.7; Wage Order 4, §12. If the employer fails to authorize or permit a required rest period, the employer must pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday the employer did not authorize or permit a legally required rest period. *Id.* Under California law, "[e]mployees are entitled to 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." *Brinker Restaurant Corp. v. Sup. Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004, 1029; Labor Code section 226.7; Wage Order 4, §12. Rest periods, insofar as practicable, shall be in the middle of each work period. Wage Order 4, §12. Additionally, the rest period requirement "obligates employers to permit – and authorizes employees to take – off-duty rest periods." *Augustus v. ABM Security Services, Inc.*, (2016) 5 Cal.5th 257, 269. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. *Id.*

34.    In this case, Plaintiff and similarly situated employees regularly worked shifts of more than three-and-a-half (3.5) hours. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit all legally required and compliant rest periods to Plaintiff and similarly situated employees. Such policies, practices, and/or procedures included, but were not limited to:

(a) "Rounding" or "shaving" Plaintiff's and similarly situated employees' total daily hours at the time of their clock-ins and clock-outs, including clock-ins and clock-outs for meal breaks, to the nearest quarter of an hour, to the benefit of Defendants.

(b) Requiring Plaintiff and similarly situated employees to remain on-duty during their rest breaks due to Defendants' requirement that Plaintiff's and similarly situated employees' keep

1    the company's cell phone on them and monitored at all times during their shift including during

2    rest breaks so they can be contacted by Defendants or Defendants' clients at any time during their

3    shift.

4         (c) Failing to provide Plaintiff and similarly situated employees a third uninterrupted

5    duty-free rest period of no less than ten (10) net minutes on each workday that Plaintiff and

6    similarly situated employees work shifts over ten (10) hours.

7         35.    Additionally, Defendants failed to pay Plaintiff and similarly situated employees a

8    rest period premium wage of one (1) additional hour of pay at their regular rate of compensation

9    for each workday the employees did not receive all legally required and compliant rest periods.

10   Defendants employed policies and procedures which ensured that employees did not receive any

11   rest period premium wages to compensate them for workdays in which they did not receive all

12   legally required and compliant rest periods.

13        36.    Finally, on occasions when Defendants did pay Plaintiff and similarly situated

14   employees a "premium" wage for late, missed, short, on-premise, on-duty, and/or interrupted rest

15   periods, Defendants failed to pay the one (1) additional hour of pay at Plaintiff's and similarly

16   situated employees' regular rate of compensation. Specifically, Defendants maintained a policy,

17   practice, and/or procedure of failing to include all remuneration such annual bonus, for example,

18   when calculating Plaintiff's and similarly situated employees' regular rate of pay for the purpose

19   of paying rest period premiums.

20        37.    The aforementioned policies, practices, and/or procedures of Defendants resulted in

21   Plaintiff and similarly situated employees not being provided with all legally required and

22   compliant rest periods and/or not receiving premium wages to compensate them for such

23   instances, all in violation of California law.

24        38.    **Failure to provide accurate wage statements**: Labor Code section 226(a)

25   provides, *inter alia*, that, upon paying an employee his or her wages, the employer must "furnish

26   each of his or her employees ... an itemized statement in writing showing (1) gross wages earned,

27   (2) total hours worked by the employee, except for any employee whose compensation is solely

28   based on a salary and who is exempt from payment of overtime under subdivision (a) of Section

1    515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate

2    units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

3    deductions, provided, that all deductions made on written orders of the employee may be

4    aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period

5    for which the employee is paid, (7) the name of the employee and his or her social security

6    number, (8) the name and address of the legal entity that is the employer, and (9) all applicable

7    hourly rates in effect during the pay period and the corresponding number of hours worked at each

8    hourly rate by the employee."

9          39.    As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed

10   to provide accurate wage and hour statements to him and other similarly situated employees who

11   were subject to Defendants' control for uncompensated time and who did not receive all their

12   earned wages (including minimum wages, overtime wages, meal period premium wages, and/or

13   rest period premium wages), in violation of Labor Code section 226.

14         40.    **Failure to timely pay final wages**: An employer is required to pay all unpaid

15   wages timely after an employee's employment ends. The wages are due immediately upon

16   termination or within seventy-two (72) hours of resignation. Labor Code sections 201, 202.

17         41.    As a result of the aforementioned violations of the Labor Code, Plaintiff alleges

18   that he and on information and belief, other similarly situated employees, were not paid their final

19   wages in a timely manner as required by Labor Code section 203. Minimum wages for all hours

20   worked, overtime wages for overtime hours worked, meal period premium wages, and/or rest

21   period premium wages (all described above), were not paid at the time of Plaintiff's and other

22   similarly situated employees' separation of employment, whether voluntarily or involuntarily, as

23   required by Labor Code sections 201, 202, and 203.

24   **V.    CLASS DEFINITIONS AND CLASS ALLEGATIONS**

25         42.    Plaintiff brings this action on behalf of himself, on behalf of others similarly

26   situated, and on behalf of the general public, and as members of a Class defined as follows:

27         A.    **Minimum Wage Class**: All current and former hourly non-exempt

28   employees employed by Defendants as direct employees as well as temporary employees

1  employed through temp agencies in California at any time from four (4) years prior to the filing of

2  the initial Complaint in this matter through the date notice is mailed to a certified class who were

3  not paid at least minimum wage for all time they were subject to Defendants' control.

4          **B.**    **Overtime Class:** All current and former hourly non-exempt employees

5  employed by Defendants as direct employees as well as temporary employees employed through

6  temp agencies in California at any time from four (4) years prior to the filing of the initial

7  Complaint in this matter through the date notice is mailed to a certified class who worked more

8  than eight (8) hours in a workday, forty (40) hours in a workweek, and/or seven (7) days in a

9  workweek, to whom Defendants did not pay overtime wages.

10          **C.**    **Regular Rate Class:** All current and former hourly non-exempt employees

11  employed by Defendants as direct employees as well as temporary employees employed through

12  temp agencies in California at any time from four (4) years prior to the filing of the initial

13  Complaint in this matter through the date notice is mailed to a certified class who worked more

14  than eight (8) hours in a workday, more than forty (40) hours in a workweek, and/or seven (7)

15  days in a workweek, who received additional remuneration during pay periods in which they were

16  paid overtime wages, and whose compensation did not include such additional remuneration when

17  Defendants calculated those employees' overtimes wages.

18          **D.**    **Meal Period Class:** All current and former hourly non-exempt employees

19  employed by Defendants as direct employees as well as temporary employees employed through

20  temp agencies in California at any time from four (4) years prior to the filing of the initial

21  Complaint in this matter through the date notice is mailed to a certified class who worked shifts

22  more than five (5) hours yet Defendants failed to authorize or permit all required duty-free meal

23  periods of not less than thirty (30) minutes.

24          **E.**    **Meal Period Premium Wages Class:** All current and former hourly non-

25  exempt employees employed by Defendants as direct employees as well as temporary employees

26  employed through temp agencies in California at any time from four (4) years prior to the filing of

27  the initial Complaint in this matter through the date notice is mailed to a certified class who

28  received additional remuneration during pay periods in which they were paid meal period

EXHIBIT 1 - PAGE 30

1  premium wages and whose regular rate of pay did not include such additional remuneration when

2  Defendants calculated those employees' meal period premium wages.

3        F.     **Rest Period Class**: All current and former hourly non-exempt employees

4  employed by Defendants as direct employees as well as temporary employees employed through

5  temp agencies in California at any time from four (4) years prior to the filing of the initial

6  Complaint in this matter through the date notice is mailed to a certified class who worked shifts of

7  at least three-and-a-half (3.5) hours who did not receive all required duty-free rest periods of a net

8  ten (10) minutes for every four (4) hours worked or major fraction thereof.

9        G.     **Rest Period Premium Wages Class**: All current and former hourly non-

10  exempt employees employed by Defendants as direct employees as well as temporary employees

11  employed through temp agencies in California at any time from four (4) years prior to the filing of

12  the initial Complaint in this matter through the date notice is mailed to a certified class who

13  received additional remuneration during pay periods in which they were paid rest period premium

14  wages and whose regular rate of pay did not include such additional remuneration when

15  Defendants calculated those employees' rest period premium wages.

16        H.     **Wage Statement Class**: All current and former hourly non-exempt

17  employees employed by Defendants as direct employees as well as temporary employees

18  employed through temp agencies in California at any time from one (1) year prior to the filing of

19  the initial Complaint in this action through the date notice is mailed to a certified class who

20  received inaccurate or incomplete wage and hour statements.

21        I.     **Waiting Time Class**: All current and former hourly non-exempt employees

22  employed by Defendants as direct employees as well as temporary employees employed through

23  temp agencies in California at any time from three (3) years prior to the filing of the initial

24  Complaint in this action through the date notice is mailed to a certified class who did not receive

25  payment of all unpaid wages upon separation of employment within the statutory time period.

26        J.     **California Class**: All aforementioned classes are herein collectively

27  referred to as the "California Class."

28       43.     There is a well-defined community of interest in the litigation and the classes are

ascertainable:

A. **Numerosity**: While the exact number of class members in each class is unknown to Plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case.

B. **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff classes and predominate over any questions that affect only individual members of each class. The common questions of law and fact include, but are not limited to:

i.    Whether Defendants violated Labor Code sections 1194 and 1197 by not paying wages at the minimum wage rate for all time that the Minimum Wage Class Members were subject to Defendants' control;

ii.    Whether Defendants violated Labor Code sections 510 and 1194 by not paying the Overtime Class Members at the applicable overtime rate for working in excess of eight (8) hours in a workday, in excess of forty (40) hours in a workweek, and/or seven (7) days in a workweek;

iii.    Whether Defendants violated Labor Code sections 510 and 1194 by not paying the Regular Rate Class Members at the applicable overtime rate for working in excess of eight (8) hours in a workday, in excess of forty (40) hours in a workweek, and/or seven (7) days in a workweek;

iv.    Whether Defendants violated Labor Code sections 512 and 226.7, as well as the applicable Wage Order, by employing the Meal Period Class Members without providing all compliant and/or required meal periods and/or paying meal period premium wages;

v.    Whether Defendants violated Labor Code sections 512 and 226.7, as well as the applicable Wage Order, by employing the Meal Period Premium Wages Class Members without paying meal period premium wages at the proper rate;

vi.    Whether Defendants violated Labor Code section 226.7 by employing the Rest Period Class Members without providing all compliant and/or required rest periods and/or paying rest period premium wages;

EXHIBIT 1 - PAGE 32

1          vii.    Whether Defendants violated Labor Code section 226.7, as well as

2    the applicable Wage Order, by employing the Rest Period Premium Wages Class Members

3    without paying rest period premium wages at the proper rate;

4          viii.    Whether Defendants failed to provide the Wage Statement Class

5    Members with accurate itemized statements at the time they received their itemized statements;

6          ix.    Whether Defendants failed to provide the Waiting Time Class

7    Members with all of their earned wages upon separation of employment within the statutory time

8    period;

9          x.    Whether Defendants committed unlawful business acts or practice

10   within the meaning of Business and Professions Code sections 17200, *et seq.*;

11         xi.    Whether Class Members are entitled to unpaid wages, penalties, and

12   other relief pursuant to their claims;

13         xii.    Whether, as a consequence of Defendants' unlawful conduct, the

14   Class Members are entitled to restitution, and/or equitable relief; and

15         xiii.    Whether Defendants' affirmative defenses, if any, raise any common

16   issues of law or fact as to Plaintiff and as to Class Members as a whole.

17         C.    **Typicality**: Plaintiff's claims are typical of the claims of the class members

18   in each of the classes. Plaintiff and members of the Minimum Wage Class sustained damages

19   arising out of Defendants' failure to pay wages at least at minimum wage for all time the

20   employees were subject to Defendants' control. Plaintiff and members of the Overtime Wage

21   Class sustained damages arising out of Defendants' failure to pay overtime wages for overtime

22   hours worked. Plaintiff and members of the Regular Rate Class sustained damages arising out of

23   Defendants' failure to pay overtime wages at the proper rate for overtime hours worked. Plaintiff

24   and members of the Meal Period Class sustained damages arising out of Defendants' failure to

25   provide non-exempt employees with all required meal periods and/or meal periods that were duty-

26   free and not less than thirty (30) minutes and/or failure to pay meal period premium wages as

27   compensation. Plaintiff and members of the Meal Period Premium Wages Class sustained

28   damages arising out of Defendants' failure to pay meal period premium wages at the proper rate.

**COMPLAINT**
16

EXHIBIT 1 - PAGE 33

1    Plaintiff and members of the Rest Period Class sustained damages arising out of Defendants'

2    failure to provide non-exempt employees with all required rest periods and/or rest periods that

3    were duty-free and of a net ten (10) minutes and/or failure to pay rest period premium wages as

4    compensation. Plaintiff and members of the Rest Period Premium Wages Class sustained damages

5    arising out of Defendants' failure to pay rest period premium wages at the proper rate. Plaintiff

6    and members of the Wage Statement Class sustained damages arising out of Defendants' failure to

7    furnish them with accurate itemized wage statements in compliance with Labor Code section 226.

8    Plaintiff and members of the Waiting Time Class sustained damages arising out of Defendants'

9    failure to provide all unpaid yet earned wages due upon separation of employment within the

10   statutory time limit.

11           D.      **Adequacy of Representation**: Plaintiff will fairly and adequately protect

12   the interests of the members of each class. Plaintiff has no interest that is adverse to the interests of

13   the other class members.

14           E.      **Superiority**: A class action is superior to other available means for the fair

15   and efficient adjudication of this controversy. Because individual joinder of all members of each

16   class is impractical, class action treatment will permit a large number of similarly situated persons

17   to prosecute their common claims in a single forum simultaneously, efficiently, and without the

18   unnecessary duplication of effort and expense that numerous individual actions would engender.

19   The expenses and burdens of individual litigation would make it difficult or impossible for

20   individual members of each class to redress the wrongs done to them, while important public

21   interests will be served by addressing the matter as a class action. The cost to and burden on the

22   court system of adjudication of individualized litigation would be substantial, and substantially

23   more than the costs and burdens of a class action. Individualized litigation would also present the

24   potential for inconsistent or contradictory judgments.

25           F.      **Public Policy Consideration**: Employers throughout the state violate wage

26   and hour laws. Current employees often are afraid to assert their rights out of fear of direct or

27   indirect retaliation. Former employees fear bringing actions because they perceive their former

28   employers can blacklist them in their future endeavors with negative references or by other means.

EXHIBIT 1 - PAGE 34

1    Class actions provide the class members who are not named in the Complaint with a type of

2    anonymity that allows for vindication of their rights.

3                                    **FIRST CAUSE OF ACTION**

4    **FAILURE TO PAY WAGES FOR ALL HOURS OF WORK AT THE LEGAL MINIMUM**

5    **WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**

6                    **(Against All Defendants by Plaintiff and the Minimum Wage Class)**

7           44.    Plaintiff incorporates by reference and re-alleges each and every allegation

8    contained in this pleading as though fully set forth herein.

9           45.    At all times relevant to this Complaint, Plaintiff and the Minimum Wage Class

10   were hourly non-exempt employees of Defendants.

11          46.    Pursuant to Labor Code sections 1194, 1197, and the Wage Order, Plaintiff and the

12   Minimum Wage Class are entitled to receive wages for all hours worked, i.e., all time they were

13   subject to Defendants' control, and those wages must be paid at least at the minimum wage rate in

14   effect during the time the employees earned the wages.

15          47.    Defendants' policies, practices, and/or procedures required Plaintiff and the

16   Minimum Wage Class to be engaged, suffered, or permitted to work without being paid wages for

17   all of the time in which they were subject to Defendants' control.

18          48.    Defendants employed policies, practices, and/or procedures including, but not

19   limited to:

20          (a) "Rounding down" or "shaving down" Plaintiff's and the Minimum Wage Class

21   total daily hours at the time of their clock-ins and clock-outs, including clock-ins and clock-outs

22   for meal breaks, to the nearest quarter of an hour, to the benefit of Defendants.

23          (b) Requiring Plaintiff and the Minimum Wage Class to remain on-duty during their

24   off-the-clock meal breaks due to Defendants' requirement that and the Minimum Wage Class keep

25   the company's cell phone on them and monitored at all times during their shift including during

26   off the clock meal breaks so they can be contacted by Defendants or Defendants' clients at any

27   time during their shift.

28          49.    Plaintiff and the Minimum Wage Class were not paid for this time resulting in

                                              **COMPLAINT**
                                                    18

EXHIBIT 1 - PAGE 35

1    Defendants' failure to pay minimum wage for all the hours Plaintiff and the Minimum Wage Class

2    worked.

3        50.    As a result of Defendants' unlawful conduct, Plaintiff and the Minimum Wage

4    Class have suffered damages in an amount subject to proof, to the extent that they were not paid

5    wages at a minimum wage rate for all hours worked.

6        51.    Pursuant to Labor Code sections 1194 and 1194.2, Plaintiff and the Minimum

7    Wage Class are entitled to recover unpaid minimum wage, interest thereon, liquidated damages in

8    the amount of their unpaid minimum wage, and attorneys' fees and costs.

9                         **SECOND CAUSE OF ACTION**

10    **FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF LABOR CODE**

11                         **SECTIONS 510 and 1194**

12    **(Against All Defendants by Plaintiff, the Overtime Class, and the Regular Rate Class)**

13        52.    Plaintiff incorporates by reference and re-alleges each and every allegation

14    contained in this pleading as though fully set forth herein.

15        53.    At times relevant to this Complaint, Plaintiff, the Overtime Class, and the Regular

16    Rate Class were hourly non-exempt employees of Defendants, covered by Labor Code sections

17    510 and 1194 and the Wage Order 4.

18        54.    Pursuant to Labor Code sections 510 and 1194 and the Wage Order 4, hourly non-

19    exempt employees are entitled to receive a higher rate of pay for all hours worked in excess of

20    eight (8) hours in a workday, forty (40) hours in a workweek, and on the seventh day of work in a

21    workweek.

22        55.    Labor Code section 510, subdivision (a), states in relevant part:

23    Eight hours of labor constitutes a day's work. Any work in excess of eight hours in
      one workday and any work in excess of 40 hours in any one workweek and the first
24    eight hours worked on the seventh day of work in any one workweek shall be
      compensated at the rate of no less than one and one-half times the regular rate of
25    pay for an employee. Any work in excess of 12 hours in one day shall be
      compensated at the rate of no less than twice the regular rate of pay for an
26    employee. In addition, any work in excess of eight hours on any seventh day of a
      workweek shall be compensated at the rate of no less than twice the regular rate of
27    pay of an employee. Nothing in this section requires an employer to combine more
      than one rate of overtime compensation in order to calculate the amount to be paid
28

**COMPLAINT**
19

EXHIBIT 1 - PAGE 36

to an employee for any hour of overtime work.

56.     Further, Labor Code section 1198 provides,

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

57.     Despite California law requiring employers to pay employees a higher rate of pay for all hours worked more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and on the seventh day of work in a workweek, Defendants failed to pay all overtime wages to Plaintiff and the Overtime Class for their daily overtime hours worked.

58.     Specifically, Defendants' employed policies, practices, and/or procedures including, but not limited to:

(a) "Rounding down" or "shaving down" Plaintiff's and the Overtime Class total daily hours at the time of their clock-ins and clock-outs, including clock-ins and clock-outs for meal breaks, to the nearest quarter of an hour, to the benefit of Defendants.

(b) Requiring Plaintiff and the Overtime Class to remain on-duty during their off-the-clock meal breaks due to Defendants' requirement that and the Overtime Class keep the company's cell phone on them and monitored at all times during their shift including during off the clock meal breaks so they can be contacted by Defendants or Defendants' clients at any time during their shift.

59.     Plaintiff and the Overtime Class were not paid for this time.

60.     To the extent that the foregoing unpaid time resulted from Plaintiff and the Overtime Class being subject to the control of Defendants when they worked more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and/or seven days in a workweek, Defendants failed to pay them at their overtime rate of pay for all the overtime hours they worked.

61.     Overtime is based upon an employee's regular rate of pay. "The regular rate at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf, of the employee." *See* Division of Labor Standards Enforcement – Enforcement Policies and Interpretations Manual, Section 49.1.2.

62.     In this case, when Plaintiff and Regular Rate Class Members earned overtime

EXHIBIT 1 - PAGE 37

1  wages, Defendants failed to pay them overtime wages at the proper overtime rate of pay due to

2  Defendants' failure to include all remuneration when calculating the overtime rate of pay.

3  Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all

4  remuneration such as annual bonus for example, when calculating Plaintiff's and Regular Rate

5  Class Members' regular rate of pay for the purpose of paying overtime.

6      63.    As a result of Defendants' unlawful conduct, Plaintiff, the Overtime Class, and the

7  Regular Rate Class have suffered damages in an amount subject to proof, to the extent that they

8  were not paid at their proper overtime rate of pay for all hours worked which constitute overtime.

9      64.    Pursuant to Labor Code section 1194, Plaintiff, the Overtime Class, and the

10  Regular Rate Class are entitled to recover the full amount of their unpaid overtime wages,

11  prejudgment interest, and attorneys' fees and costs.

12                    **THIRD CAUSE OF ACTION**

13  **FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS IN VIOLATION OF LABOR**

14                    **CODE SECTIONS 512 AND 226.7**

15  **(Against All Defendants by Plaintiff, the Meal Period Class, and the Meal Period Premium**

16                    **Wages Class)**

17      65.    Plaintiff incorporates by reference and re-alleges each and every allegation

18  contained in this pleading as though fully set forth herein.

19      66.    At all times relevant to this Complaint, Plaintiff, the Meal Period Class, and the

20  Meal Period Premium Wages Class were hourly non-exempt employees of Defendants, covered

21  by Labor Code sections 512 and 226.7 and the Wage Order.

22      67.    California law requires an employer to authorize or permit an employee an

23  uninterrupted meal period of no less than thirty (30) minutes in which the employee is relieved of

24  all duties and the employer relinquishes control over the employee's activities no later than the

25  end of the employee's fifth hour of work and a second meal period no later than the employee's

26  tenth hour of work. Labor Code sections 226.7, 512; Wage Order 4, §11; *Brinker Rest. Corp. v.*

27  *Super Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004. If the employer requires the employee to remain at

28  the work site or facility during the meal period, the meal period must be paid. This is true even

1   where the employee is relieved of all work duties during the meal period. *Bono Enterprises, Inc. v.*

2   *Bradshaw* (1995) 32 Cal.App.4th 968. Labor Code section 226.7 provides that if an employee

3   does not receive a required meal or rest period that "the employer shall pay the employee one

4   additional hour of pay at the employee's regular rate of compensation for each work day that the

5   meal or rest period is not provided."

6       68.    In this case, Plaintiff and the Meal Period Class worked shifts long enough to

7   entitle them to meal periods under California law. Nevertheless, Defendants employed policies,

8   practices, and/or procedures that resulted in their failure to authorize or permit meal periods to

9   Plaintiff and the Meal Period Class of no less than thirty (30) minutes for each five-hour period of

10  work as required by law. Such policies, practices, and/or procedures included, but were not limited

11  to:

12      (a) "Rounding" or "shaving" Plaintiff and the Meal Period Class total daily hours at

13  the time of their clock-ins and clock-outs, including clock-ins and clock-outs for meal breaks, to

14  the nearest quarter of an hour, to the benefit of Defendants.

15      (b) Requiring Plaintiff and the Meal Period Class to remain on-duty during their off-

16  the-clock meal breaks due to Defendants' requirement that Plaintiff's and similarly situated

17  employees' keep the company's cell phone on them and monitored at all times during their shift

18  including during off the clock meal breaks so they can be contacted by Defendants or Defendants'

19  clients at any time during their shift.

20      (c) Failing to provide Plaintiff and the Meal Period Class a second uninterrupted duty-

21  free meal period of no less than thirty (30) minutes for each workday that Plaintiff and the Meal

22  Period Class work shifts over ten (10) hours.

23      69.    Additionally, Defendants failed to pay Plaintiff and the Meal Period Class one (1)

24  hour of pay at their regular rate of pay for each workday they did not receive all legally required

25  and legally compliant meal periods. Defendants lacked a policy and procedure for compensating

26  Plaintiff and the Meal Period Class with premium wages when they did not receive all legally

27  required and legally compliant meal periods.

28      70.    Finally, on occasions when Defendants paid Plaintiff and the Meal Period Premium

EXHIBIT 1 - PAGE 39

Wages Class a "premium" wage for late, missed, short, on-premise, on-duty, and/or interrupted meal periods, Defendants failed to pay the one (1) additional hour of pay at Plaintiff's and the Meal Period Premium Wages Class' regular rate of compensation. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration such as annual bonus, for example, when calculating Plaintiff's and the Meal Period Premium Wages Class' regular rate of pay for the purpose of paying meal period premiums.

71.    Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff, the Meal Period Class, and the Meal Period Premium Wages Class and such conduct has continued through the filing of this Complaint.

72.    Because Defendants failed to provide employees with meal periods in compliance with the law, Defendants are liable to Plaintiff, the Meal Period Class, and the Meal Period Premium Wages Class for one (1) hour of additional pay at the regular rate of compensation for each workday that Defendants did not provide all legally required and legally compliant meal periods, pursuant to Labor Code section 226.7 and the Wage Order.

73.    Plaintiff, on behalf of himself, the Meal Period Class, and the Meal Period Premium Wages Class seeks damages and all other relief allowable, including a meal period premium wage for each workday Defendants failed to provide all legally required and legally compliant meal periods, plus pre-judgment interest.

**FOURTH CAUSE OF ACTION**

**FAILURE TO AUTHORIZE OR PERMIT REQUIRED REST PERIODS IN VIOLATION**

**OF LABOR CODE SECTION 226.7**

**(Against All Defendants by Plaintiff, the Rest Period Class, and the Rest Period Premium**

**Wages Class)**

74.    Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

75.    At all times relevant to this Complaint, Plaintiff, the Rest Period Class, and the Rest Period Premium Wages Class were employees of Defendants, covered by Labor Code section 226.7 and Wage Order 4.

EXHIBIT 1 - PAGE 40

76.     California law requires that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof...." Wage Order 4, §12. Employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." *Brinker Restaurant Corp. v. Sup. Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004, 1029; Labor Code section 226.7. Additionally, the rest period requirement "obligates employers to permit – and authorizes employees to take – off-duty rest periods." *Augustus v. ABM Security Services, Inc.*, (2016) 5 Cal.5th 257, 269. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. *Id.* If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided." Wage Order 4, §12; Labor Code section 226.7.

77.     In this case, Plaintiff and the Rest Period Class regularly worked shifts of more than three-and-a-half (3.5) hours. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit all legally required and compliant rest periods to Plaintiff and the Rest Period Class. Such policies, practices, and/or procedures included, but were not limited to:

(a) "Rounding" or "shaving" Plaintiff and the Rest Period Class total daily hours at the time of their clock-ins and clock-outs, including clock-ins and clock-outs for meal breaks, to the nearest quarter of an hour, to the benefit of Defendants.

(b) Requiring Plaintiff and the Rest Period Class to remain on-duty during their rest breaks due to Defendants' requirement that Plaintiff and the Rest Period Class keep the company's cell phone on them and monitored at all times during their shift including during rest breaks so they can be contacted by Defendants or Defendants' clients at any time during their shift.

(c) Failing to provide Plaintiff and the Rest Period Class a third uninterrupted duty-free

EXHIBIT 1 - PAGE 41

1　rest period of no less than ten (10) net minutes on each workday that Plaintiff and the Rest Period

2　Class work shifts over ten (10) hours.

3　　　　78.　　Additionally, Defendants failed to pay Plaintiff and the Rest Period Class one (1)

4　hour of pay at their regular rate of pay for each workday they did not receive all legally required

5　and legally compliant rest periods. Defendants lacked a policy and procedure for compensating

6　Plaintiff and the Rest Period Class with premium wages when they did not receive all legally

7　required and legally compliant rest periods.

8　　　　79.　　Further, on occasions when Defendants did pay Plaintiff and the Rest Period

9　Premium Wages Class a "premium" wage for late, missed, short, on-premise, on-duty, and/or

10　interrupted rest periods, Defendants failed to pay the one (1) additional hour of pay at Plaintiff's

11　and the Rest Period Premium Wages Class' regular rate of compensation. Specifically, Defendants

12　maintained a policy, practice, and/or procedure of failing to include all remuneration such as

13　annual bonus for example, when calculating Plaintiff's and the Rest Period Premium Wages

14　Class' regular rate of pay for the purpose of paying rest period premiums.

15　　　　80.　　Defendants' unlawful conduct alleged herein occurred in the course of employment

16　of Plaintiff, the Rest Period Class, and the Rest Period Premium Wages Class and such conduct

17　has continued through the filing of this Complaint.

18　　　　81.　　Because Defendants failed to provide employees with rest periods in compliance

19　with the law, Defendants are liable to Plaintiff, the Rest Period Class, and the Rest Period

20　Premium Wages Class for one (1) hour of additional pay at the regular rate of compensation for

21　each workday that Defendants did not provide all legally required and legally compliant rest

22　periods, pursuant to Labor Code section 226.7 and the Wage Order.

23　　　　82.　　Plaintiff, on behalf of himself the Rest Period Class, and the Rest Period Premium

24　Wages Class seeks damages and all other relief allowable, including a rest period premium wage

25　for each workday Defendants failed to provide all legally required and legally compliant rest

26　periods, plus pre-judgment interest.

27　　　　　　　　　　　　　　**FIFTH CAUSE OF ACTION**

28　　　　**FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN**

---

**COMPLAINT**

25

EXHIBIT 1 - PAGE 42

## VIOLATION OF LABOR CODE SECTION 226

### (Against All Defendants by Plaintiff and the Wage Statement Class)

147.   Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

148.   At all times relevant to this Complaint, Plaintiff and the Wage Statement Class were hourly, non-exempt employees of Defendants, covered by Labor Code section 226.

149.   Pursuant to Labor Code section 226, subdivision (a), Plaintiff and the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

> (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

150.   As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed to provide accurate wage and hour statements to him and the Wage Statement Class who were subject to Defendants' control for uncompensated time and who did not receive all their earned wages (including minimum wages, overtime wages, meal period premium wages, and/or rest period premium wages), in violation of Labor Code section 226.

151.   Defendants provided Plaintiff and the Wage Statement Class with itemized statements which stated inaccurate information including, but not limited to, the number of hours worked, the gross wages earned, and the net wages earned.

152.   Defendants' failure to provide Plaintiff and the Wage Statement Class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the Wage Statement Class with accurate wage statements but intentionally provided

EXHIBIT 1 - PAGE 43

1  wage statements they knew were not accurate. Defendants knowingly and intentionally put in

2  place practices which deprived employees of wages and resulted in Defendants knowingly and

3  intentionally providing inaccurate wage statements. These practices included Defendants' failure

4  to include all hours worked and all wages due.

5       153.   As a result of Defendants' unlawful conduct, Plaintiff and the Wage Statement

6  Class have suffered injury. The absence of accurate information on their wage statements has

7  prevented earlier challenges to Defendants' unlawful pay practices, will require discovery and

8  mathematical computations to determine the amount of wages owed, and will cause difficulty and

9  expense in attempting to reconstruct time and pay records. Defendants' conduct led to the

10  submission of inaccurate information about wages and amounts deducted from wages to state and

11  federal government agencies. As a result, Plaintiff and the Wage Statement Class are required to

12  participate in this lawsuit and create more difficulty and expense for Plaintiff and the Wage

13  Statement Class from having to reconstruct time and pay records than if Defendants had complied

14  with their legal obligations.

15       154.   Pursuant to Labor Code section 226(e), Plaintiff and the Wage Statement Class are

16  entitled to recover fifty (50) dollars per employee for the initial pay period in which a section 226

17  violation occurred and one hundred dollars per employee per violation for each subsequent pay

18  period, not to exceed an aggregate penalty of four thousand (4,000) dollars per employee.

19       155.   Pursuant to Labor Code section 226(h), Plaintiff and the Wage Statement Class are

20  entitled to bring an action for injunctive relief to ensure Defendants' compliance with Labor Code

21  section 226(a). Injunctive relief is warranted because Defendants continue to provide currently

22  employed Wage Statement Class members with inaccurate wage statements in violation of Labor

23  Code section 226(a) and currently employed Wage Statement Class members have no adequate

24  legal remedy for the continuing injuries that will be suffered as a result of Defendants' ongoing

25  unlawful conduct. Injunctive relief is the only remedy available for ensuring Defendants'

26  compliance with Labor Code section 226(a).

27       156.   Pursuant to Labor Code sections 226(e) and 226(h), Plaintiff and the Wage

28  Statement Class are entitled to recover the full amount of penalties due under section 226(e),

EXHIBIT 1 - PAGE 44

1  reasonable attorneys' fees, and costs of suit.

2  ## SIXTH CAUSE OF ACTION

3  **FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT**

4  **IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

5  **(Against All Defendants by Plaintiff and the Waiting Time Class)**

6      157.    Plaintiff incorporates by reference and re-alleges each and every allegation

7  contained in this pleading as though fully set forth herein.

8      158.    At all times relevant to this Complaint, Plaintiff and the Waiting Time Class were

9  employees of Defendants, covered by Labor Code sections 201 and 202.

10      159.    An employer is required to pay all unpaid wages timely after an employee's

11  employment ends. The wages are due immediately upon termination or within seventy-two (72)

12  hours of resignation. Labor Code sections 201, 202. If an employee gave seventy-two (72) hours

13  previous notice, they were entitled to payment of all wages earned and unpaid at the time of

14  resignation. *Id.*

15      160.    Defendants failed to pay Plaintiff and on information and belief, the Waiting Time

16  Class, with all wages earned and unpaid prior to separation of employment, in accordance with

17  either Labor Code section 201 or 202. Plaintiff is informed and believes and thereon alleges that at

18  all relevant times within the limitations period applicable to this cause of action, Defendants

19  maintained a policy or practice of not paying hourly employees all earned wages timely upon

20  separation of employment.

21      161.    Defendants' failure to pay Plaintiff and the Waiting Time Class with all wages

22  earned prior to separation of employment timely in accordance with Labor Code sections 201 and

23  202 was willful. Defendants had the ability to pay all wages earned by hourly workers prior to

24  separation of employment in accordance with Labor Code sections 201 and 202, but intentionally

25  adopted policies or practices incompatible with the requirements of Labor Code sections 201 and

26  202. Defendants' practices include failing to pay at least minimum wage for all time worked,

27  overtime wages for all overtime hours worked, meal period premium wages, and/or rest period

28  premium wages. When Defendants failed to pay Plaintiff and the Waiting Time Class all earned

EXHIBIT 1 - PAGE 45

1 | wages timely upon separation of employment, they knew what they were doing and intended to do

2 | what they did.

3 | 162. Pursuant to either Labor Code section 201 or 202, Plaintiff and the Waiting Time

4 | Class are entitled to all wages earned prior to separation of employment that Defendants have yet

5 | to pay them.

6 | 163. Pursuant to Labor Code section 203, Plaintiff and the Waiting Time Class are

7 | entitled to continuation of their wages, from the day their earned and unpaid wages were due until

8 | paid, up to a maximum of thirty (30) days.

9 | 164. As a result of Defendants' conduct, Plaintiff and the Waiting Time Class have

10 | suffered damages in an amount, subject to proof, to the extent they were not paid for all wages

11 | earned prior to separation of employment.

12 | 165. As a result of Defendants' conduct, Plaintiff and the Waiting Time Class have

13 | suffered damages in an amount, subject to proof, to the extent they were not paid all continuation

14 | wages owed under Labor Code section 203.

15 | 166. Plaintiff and the Waiting Time Class are entitled to recover the full amount of their

16 | unpaid wages, continuation wages under Labor Code section 203, and interest thereon, and

17 | reasonable attorney's fees and costs under Labor Code section 218.5.

18 | **SEVENTH CAUSE OF ACTION**

19 | **UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS**

20 | **CODE SECTIONS 17200, ET SEQ.**

21 | **(Against All Defendants by Plaintiff and the California Class)**

22 | 167. Plaintiff incorporates by reference and re-alleges each and every allegation

23 | contained in this pleading as though fully set forth herein.

24 | 168. The unlawful conduct of Defendants alleged herein constitutes unfair competition

25 | within the meaning of Business and Professions Code section 17200. This unfair conduct includes

26 | Defendants' use of policies, practices, and/or procedures which resulted in: failure to pay

27 | employees at least at the minimum wage rate for all hours which they worked; failure to pay

28 | overtime wages for all overtime hours worked; failure to authorize or permit all legally required

EXHIBIT 1 - PAGE 46

1  and/or compliant meal periods or pay meal period premium wages; failure to authorize or permit

2  all legally required and/or compliant rest periods or pay rest period premium wages; failure to

3  provide accurate wage and hour statements; and failure to timely pay all wages due upon

4  separation of employment. Due to their unfair and unlawful business practices in violation of the

5  Labor Code, Defendants have gained a competitive advantage over other comparable companies

6  doing business in the State of California that comply with their obligations to pay minimum wages

7  for all hours worked; pay overtime wages for all overtime hours worked; authorize or permit all

8  legally required and/or compliant meal periods or pay meal period premium wages; authorize or

9  permit all legally required and/or compliant rest periods or pay rest period premium wages;

10 provide accurate wage and hour statements; and timely pay all wages due upon separation of

11 employment.

12      169.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and the

13 California Class have suffered injury in fact and lost money or property, as described in more

14 detail above.

15      170.    Pursuant to Business and Professions Code section 17203, Plaintiff and the

16 California Class are entitled to restitution of all wages and other monies rightfully belonging to

17 them that Defendants failed to pay and wrongfully retained by means of their unlawful and unfair

18 business practices. Plaintiff also seeks an injunction against Defendants on behalf of the California

19 Class enjoining Defendants, and any and all persons acting in concert with them, from engaging in

20 each of the unlawful policies, practices, and/or procedures set forth herein, along with reasonable

21 attorney's fees and costs under Code of Civil Procedure section 1021.5 and other applicable

22 statutes.

23                                  **PRAYER FOR RELIEF**

24      **WHEREFORE, PLAINTIFF ON HIS OWN BEHALF AND ON BEHALF OF**

25 **THOSE SIMILARLY SITUATED, PRAYS AS FOLLOWS:**

26      **ON THE FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, AND SEVENTH,**

27 **CAUSES OF ACTION:**

28      1.    That the Court determine that this action may be maintained as a class action (for

EXHIBIT 1 - PAGE 47

1   the entire California Class and/or any and all of the specified sub-classes) pursuant to Code of
2   Civil Procedure section 382 and any other applicable law;

3       2.      That the named Plaintiff be designated as a class representative for the California
4   Class (and all sub-classes thereof);

5       3.      For a declaratory judgment that the policies, practices, and/or procedures
6   complained herein are unlawful; and

7       4.      For an injunction against Defendants enjoining them, and any and all persons
8   acting in concert with them, from engaging in each of the unlawful policies, practices, and/or
9   procedures set forth herein.

10                          **ON THE FIRST CAUSE OF ACTION:**

11      1.      That Defendants be found to have violated the minimum wage provisions of the
12  Labor Code and the IWC Wage Order as to Plaintiff and the Minimum Wage Class;

13      2.      For damages, according to proof, including but not limited to unpaid wages;

14      3.      For any and all legally applicable penalties;

15      4.      For liquidated damages pursuant to Labor Code section 1194.2;

16      5.      For pre-judgment interest, including but not limited to that recoverable under Labor
17  Code section 1194, and post-judgment interest;

18      6.      For attorneys' fees and costs of suit, including but not limited to that recoverable
19  under Labor Code section 1194;

20      7.      For pre-judgment interest, including but not limited to that recoverable under Labor
21  Code section 218.6, and post-judgment interest; and

22      8.      For such other further relief, in law and/or equity, as the Court deems just or
23  appropriate.

24                          **ON THE SECOND CAUSE OF ACTION:**

25      1.      That Defendants be found to have violated the overtime provisions of the Labor
26  Code and the IWC Wage Order as to Plaintiff and the Overtime Class;

27      2.      For damages, according to proof, including but not limited to unpaid wages;

28      3.      For any and all legally applicable penalties;

EXHIBIT 1 - PAGE 48

1     4.     For pre-judgment interest, including but not limited to that recoverable under Labor

2    Code section 1194, and post-judgment interest;

3     5.     For attorneys' fees and costs of suit, including but not limited to that recoverable

4    under Labor Code section 1194; and

5     6.     For such other further relief, in law and/or equity, as the Court deems just or

6    appropriate.

7                **ON THE THIRD CAUSE OF ACTION:**

8     1.     That Defendants be found to have violated the meal period provisions of the Labor

9    Code and the IWC Wage Order as to Plaintiff and the Meal Period Class;

10    2.     For damages, according to proof, including unpaid premium wages;

11    3.     For any and all legally applicable penalties;

12    4.     For pre-judgment interest, including but not limited to that recoverable under Labor

13    Code section 218.6, and post-judgment interest; and

14    5.     For such other further relief, in law and/or equity, as the Court deems just or

15    appropriate.

16                **ON THE FOURTH CAUSE OF ACTION:**

17    1.     That Defendants be found to have violated the rest period provisions of the Labor

18    Code and the IWC Wage Order as to Plaintiff and the Rest Period Class;

19    2.     For damages, according to proof, including unpaid premium wages;

20    3.     For any and all legally applicable penalties;

21    4.     For pre-judgment interest, including but not limited to that recoverable under Labor

22    Code section 218.6, and post-judgment interest; and

23    5.     For such other further relief, in law and/or equity, as the Court deems just or

24    appropriate.

25                **ON THE FIFTH CAUSE OF ACTION:**

26    1.     That Defendants be found to have violated the provisions of the Labor Code

27    regarding accurate itemized paystubs as to Plaintiff and the Wage Statement Class;

28    1.     For damages and/or penalties, according to proof, including damages and/or

EXHIBIT 1 - PAGE 49

1  statutory penalties under Labor Code section 226, subdivision (e), and any other legally applicable

2  damages or penalties;

3      2.    For pre-judgment interest and post-judgment interest;

4      3.    For an injunction against Defendants enjoining them, and any and all persons

5  acting in concert with them, from engaging in violations of Labor Code section 226, subdivision

6  (a);

7      4.    For attorneys' fees and costs of suit, including but not limited to those recoverable

8  under Labor Code section 226, subdivision (e); and

9      5.    For such other further relief, in law and/or equity, as the Court deems just or

10  appropriate.

11                  **ON THE SIXTH CAUSE OF ACTION:**

12      1.    That Defendants be found to have violated the provisions of the Labor Code

13  regarding payment of all unpaid wages due upon resignation or termination as to Plaintiff and the

14  Waiting Time Class;

15      2.    For damages and/or penalties, according to proof, including damages and/or

16  statutory penalties under Labor Code section 203 and any other legally applicable damages or

17  penalties;

18      3.    For pre-judgment interest, including under Labor Code section 218.6, and post-

19  judgment interest;

20      4.    For attorneys' fees and costs of suit, including but not limited to that recoverable

21  under Labor Code section 218.5; and

22      5.    For such other further relief, in law and/or equity, as the Court deems just or

23  appropriate.

24                  **ON THE SEVENTH CAUSE OF ACTION:**

25      1.    That Defendants be found to have violated Business and Professions Code sections

26  17200, *et seq.*, for the conduct alleged herein as to the California Class;

27      2.    A declaratory judgment that the practices complained herein are unlawful;

28      3.    An injunction against Defendants enjoining them, and any and all persons acting in

**COMPLAINT**
33

EXHIBIT 1 - PAGE 50

1    concert with them, from engaging in each of the unlawful practices, policies and patterns set forth

2    herein;

3          4.      For restitution to the full extent permitted by law;

4          5.      For attorneys' fees and costs of suit, including but not limited to that recoverable

5    under Code of Civil Procedure section 1021.5; and

6          6.      For such other further relief, in law and/or equity, as the Court deems just or

7    appropriate.

8

9    Dated: August 19, 2024                Respectfully submitted,
                                         **LAVI & EBRAHIMIAN, LLP**

10

11                          By:     *Vincent C. Granberry*

12                                Joseph Lavi, Esq.
                            Vincent C. Granberry, Esq.

13                                Attorneys for Plaintiff
                            TRAVIS BERNARDS,

14                                on behalf of himself and others similarly situated

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT
34

EXHIBIT 1 - PAGE 51

**DEMAND FOR JURY TRIAL**

Plaintiff TRAVIS BERNARDS demands a trial by jury for himself and the California Class on all claims so triable.

Dated: August 19, 2024

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

*Vincent C. Granberry*

By: _____

Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Attorneys for Plaintiff
TRAVIS BERNARDS,
on behalf of himself and others similarly situated

**COMPLAINT**
35

EXHIBIT 1 - PAGE 52

**EXHIBIT 2**

Wolters Kluwer

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | Amanda Wickstrom, SR LEGAL COUNSEL,LABOR & EMPLOYMENT<br>IKEA North America Services, LLC<br>420 ALAN WOOD RD<br>CONSHOHOCKEN, PA 19428-1141 |
| **RE:** | **Process Served in California** |
| **FOR:** | IKEA Distribution Services Inc.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: TRAVIS BERNARDS, on behalf of himself and others similarly situated // To: IKEA Distribution Services Inc. |
| **CASE #:** | 24CV001465 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/29/2024 at 13:10 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Amanda Wickstrom  amanda.wickstrom@ingka.ikea.com |
| | Email Notification,  Andrew Duong  andrew.duong2@ingka.ikea.com |
| | Email Notification,  Jessica Bocchinfuso  jessica.bocchinfuso@ingka.ikea.com |
| | Email Notification,  Brian Morris  brian.morris2@ingka.ikea.com |
| | Email Notification,  Susan Plotts  susan.plotts@ingka.ikea.com |
| | Email Notification,  Lou Patrick  lou.patrick@ingka.ikea.com |
| | Email Notification,  Peter Sena  peter.sena@ingka.ikea.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-401-8252<br>LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT 2 - PAGE 53

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                              Thu, Aug 29, 2024
**Server Name:**                 Victor Mendez

| Entity Served | IKEA DISTRIBUTION SERVICES INC. |
|---|---|
| Case Number | 24CV001465 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



EXHIBIT 2 - PAGE 54

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*</td></tr>
<tr><td>FILED<br>8/23/2024 1:46 PM<br>Clerk of the Napa Superior Court<br>By: Lori Walker, Deputy</td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

IKEA DISTRIBUTION SERVICES, INC.; and DOES 1 to 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TRAVIS BERNARDS, on behalf of himself and others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Napa County Superior Court

Historic Courthouse, 825 Brown Street, Napa, CA 94559

**CASE NUMBER:**
*(Número del Caso):*
24CV001465

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Lavi, Esq. (SBN 209776), Lavi & Ebrahimian, LLP, 8889 W. Olympic Blvd, Suite 200, Beverly Hills, CA 90211,(310) 432-0000

DATE:
*(Fecha)* 8/23/2024    Clerk, by  **Lori Walker**, Deputy
*(Secretario)*    Robert E. Fleshman    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010)).*

[SEAL] 

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Ikea Distribution Services, Inc.
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Form Unknown
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**EXHIBIT 2 - PAGE 55**

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Joseph Lavi, Esq. (SBN 209776); Vincent C. Granberry, Esq. (SBN 276483)<br>LAVI & EBRAHIMIAN, LLP, 8889 W. Olympic Blvd, Suite 200, Beverly Hills, CA 90211<br><br>TELEPHONE NO.: (310) 432-0000    FAX NO.: (310) 432-0001<br>EMAIL ADDRESS: jlavi@lelawfirm.com; vgranberry@lelawfirm.com;<br>ATTORNEY FOR *(Name):* PLAINTIFF TRAVIS BERNARDS | **FILED**<br>8/23/2024 1:46 PM<br>Clerk of the Napa Superior Court<br>By: Lori Walker, Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA |
|---|
| STREET ADDRESS: 825 Brown Street |
| MAILING ADDRESS: 825 Brown Street |
| CITY AND ZIP CODE: Napa, CA 94559 |
| BRANCH NAME: Historic Courthouse |

| CASE NAME: |
|---|
| Bernards v. Ikea Distribution Services, Inc., et al. |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited    [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $35,000)    $35,000 or less) | [ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 24CV001465 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is    [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [x] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more
      issues that will be time-consuming to resolve    courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence    court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case [x] is    [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: August 19, 2024

Vincent C. Granberry, Esq.
_____
(TYPE OR PRINT NAME)

▶ *Vincent C. Granberry*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

EXHIBIT A PG. 56

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
        *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
      Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic*
      *relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

**EXHIBIT 2 - PAGE 57**

**EXHIBIT 3**

ALEXANDER M. CHEMERS, CA Bar No. 119847
zander.chemers@ogletree.com
OMAR M. ANIFF, CA Bar No. 315446
omar.aniff@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:      213-239-9800
Facsimile:      213-239-9045

Attorneys for Defendant
IKEA DISTRIBUTION SERVICES, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF NAPA

| | |
|---|---|
| TRAVIS BERNARDS, on behalf of himself and others similarly situated,<br><br>            Plaintiff,<br><br>        vs.<br><br>IKEA DISTRIBUTION SERVICES, INC.; and DOES 1 to 100, inclusive,<br><br>            Defendants. | Case No. 24CV001465<br><br>**DEFENDANT IKEA DISTRIBUTION SERVICES, INC.'S ANSWER TO PLAINTIFF TRAVIS BERNARDS' COMPLAINT**<br><br>[Assigned for all purposes to The Honorable Scott R.L. Young, Dept. B]<br><br>Action Filed:    August 23, 2024<br>Trial Date:      None |

1

1  TO PLAINTIFF TRAVIS BERNARDS AND HIS ATTORNEYS OF RECORD:

2       Defendant Ikea Distribution Services, Inc. ("Defendant") hereby answers the Complaint

3  ("Complaint") filed by Travis Bernards ("Plaintiff") as follows:

4                                    **GENERAL DENIAL**

5       Pursuant to the provisions of section 431.30 of the California Code of Civil Procedure,

6  Defendant denies, generally and specifically, each and every allegation contained in the Complaint,

7  and further denies that Plaintiff and the putative members of the class have sustained damages in the

8  sum or manner alleged, or in any other sum or manner whatsoever, and that Plaintiff and the putative

9  members of the class are entitled to damages or to any other relief whatsoever by reason of any

10  alleged acts and/or omissions of Defendant or any of Defendant's current or former employees or

11  agents.

12       Defendant also gives notice that it intends to rely upon such other and further affirmative

13  defenses as may become available during investigation and discovery in this action.  Defendant

14  reserves the right to amend this Answer to assert any such defenses, or to modify its admissions and

15  denials herein, based on such investigation and discovery.

16                               **DEMAND FOR ARBITRATION**

17       Defendant demands that this matter be submitted to binding arbitration on an individual basis

18  only pursuant to a valid arbitration agreement entered into by Plaintiff with Defendant.  Defendant

19  will file a stipulation signed by the parties' representatives, or alternatively a motion to compel

20  arbitration.  Defendant does not intend, by the filing of this pleading, to waive its right to compel

21  binding arbitration.

22                                **AFFIRMATIVE DEFENSES**

23       Without waiving any of the foregoing answers and defenses, Defendant asserts the following

24  affirmative defenses to Plaintiff's Complaint.

25  //

26  //

27  //

28

2

1

### FIRST AFFIRMATIVE DEFENSE

2

### (Failure to State a Cause of Action)

3       1.      As a separate and affirmative defense to Plaintiff's Complaint and to each cause of

4   action alleged therein, Defendant alleges that the Complaint fails to state facts sufficient to constitute

5   a cause of action upon which relief can be granted against Defendant.

6

### SECOND AFFIRMATIVE DEFENSE

7

### (Statute of Limitations)

8       2.      As a separate and affirmative defense to Plaintiff's Complaint and to each cause of

9   action alleged therein, Defendant alleges that the claims brought by Plaintiff, and/or the putative

10  members of the class are barred, in whole or in part, by one or more of the applicable statutes of

11  limitations, including, without limitation, California Code of Civil Procedure sections 337, 338, 339,

12  and 340, and California Labor Code section 203.  Plaintiff failed to assert the claims within his

13  Complaint within the time limits prescribed by law.

14

### THIRD AFFIRMATIVE DEFENSE

15

### (Estoppel)

16      3.      As a separate and affirmative defense to Plaintiff's Complaint and to each cause of

17  action alleged therein, Defendant alleges that the claims brought by Plaintiff and/or the putative

18  members of the class are barred, in whole or in part, by the doctrine of estoppel, including, but not

19  limited to, because Plaintiff and/or the putative members of the class, through their actions and

20  representations, led Defendant to believe that they were properly paid all wages and received all meal

21  periods, rest periods, and reimbursements to which they were legally entitled.

22

### FOURTH AFFIRMATIVE DEFENSE

23

### (Laches)

24      4.      As a separate and affirmative defense to Plaintiff's Complaint and to each cause of

25  action alleged therein, Defendant alleges that the claims brought by Plaintiff and/or the putative

26  members of the class are barred, in whole or in part, by the doctrine of laches, including, but not

27  limited to, because Plaintiff and/or the putative members of the class unreasonably delayed bringing

28  the claims alleged in Plaintiff's Complaint.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FIFTH AFFIRMATIVE DEFENSE

### (Res Judicata and Collateral Estoppel)

5.     As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the Complaint, each purported cause of action alleged therein, and the elements of relief sought therein are barred, in whole or in part, by res judicata and/or collateral estoppel, including, but not limited to, due to proceedings that Plaintiff and/or the putative members of the class were involved in before other tribunals, state agencies, or venues.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6.     As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff and/or the putative members of the class are barred, in whole or in part, by the unclean hands and/or inequitable or wrongful conduct of Plaintiff and/or the putative members of the class, including, but not limited to, because Plaintiff and/or the putative members of the class failed to comply with Defendant's policies and practices regarding accurate time reporting, overtime, meal periods, rest periods, expense reimbursement, timely reporting of any violation of applicable wage-and-hour laws, and other policies and practices.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

7.     As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff and/or the putative members of the class are barred, in whole or in part, because such claims have been waived, discharged, and/or abandoned, including, but not limited to, because Plaintiff and/or the putative members of the class acted in such a manner as to evince an intent to relinquish any claims concerning time reporting, overtime, meal periods, rest periods, and other wage-and-hour claims.

//

//

//

DEFENDANT IKEA DISTRIBUTION SERVICES, INC.'S
ANSWER TO PLAINTIFF TRAVIS BERNARDS' COMPLAINT

**EXHIBIT 3 - PAGE 61**

1

2

**EIGHTH AFFIRMATIVE DEFENSE**

**(Waiver & Release)**

3

4

5

6

7

8

8.      As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff and/or the putative members of the class are barred, in whole or in part, to the extent that the individuals who Plaintiff wishes to represent as putative members of the class may have released some or all of the claims against Defendant that are being asserted in Plaintiff's Complaint.  This includes, but is not limited to, in connection with prior class and/or representative matters which Defendant has settled.

9

10

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

11

12

13

14

15

9.      As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that Plaintiff and/or the putative members of the class failed to exercise due diligence in an effort to mitigate any damages allegedly incurred, including, but not limited to, by timely notifying Defendant regarding any alleged pay violations or unpaid work time, as required by Defendant's policies and practices.

16

17

**TENTH AFFIRMATIVE DEFENSE**

**(Setoff, Offset, and/or Recoupment)**

18

19

20

21

22

23

10.      As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges, based on information and belief, that if Plaintiff and/or the putative members of the class are entitled to any damages (which Defendant specifically denies), Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations of Plaintiff and/or any of the putative members of the class owed to Defendant against any judgment that may be entered against Defendant.

24

25

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Willful Failure to Pay)**

26

27

28

11.      As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that Plaintiff and/or the putative members of the class are not entitled to any penalty award under any section of the California Labor Code because at all

5

relevant times, Defendant did not willfully, knowingly, and/or intentionally fail to comply with the compensation provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that it did not violate those provisions.

### TWELFTH AFFIRMATIVE DEFENSE

### (Good-Faith Dispute That Wages Are Due)

12.     As a separate and affirmative defense to Plaintiff's Complaint pursuant to California Labor Code § 203, Defendant alleges that Plaintiff, and/or alleged putative class members, are not entitled to any penalties under California Labor Code § 203 because at all relevant times, there has been a good faith dispute that any wages are or have been due, thereby precluding the imposition of any waiting time penalties against Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (*De Minimis*)

13.     As a separate and affirmative defense to Plaintiff's Complaint and to any wage claims alleged therein, Defendant alleges that, to the extent that Plaintiff and/or any of the putative members of the class were harmed in any way (which Defendant specifically denies), the damages of Plaintiff and/or any of the putative members of the class are *de minimis* and, thus, not legally cognizable or not capable of determination.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

14.     As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action therein, Defendant alleges that Plaintiff's purported causes of action set forth in the Complaint and the claims of some or all of the putative members of the class are barred, in whole or in part, by the principles of accord and satisfaction and payment, including, but not limited to, because Plaintiff and/or the putative members of the class agreed to accept lesser amounts to satisfy Defendant's potential obligations as a result of entry into written settlements and/or release agreements either during or after their employment with Defendant.

1

2

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Consent)

3    15.    As a separate and affirmative defense to Plaintiff's Complaint and to each purported

4  cause of action therein, Defendant alleges that Plaintiff and/or the putative members of the class

5  consented and agreed to the conduct about which they now complain, including, but not limited to,

6  reviewing and signing their acknowledgment to all of Defendant's workplace policies, including

7  policies related to timekeeping and agreements to notify Defendant immediately as to any violations

8  of these policies or as to any unpaid work hours, wages, or other amounts owed.

9

## SIXTEENTH AFFIRMATIVE DEFENSE

10

### (Avoidable Consequences)

11    16.    As a separate and affirmative defense to Plaintiff's Complaint and to each cause of

12  action alleged therein, Defendant alleges that the claims brought by Plaintiff and/or any of the

13  putative members of the class are barred, in whole or in part, under California law by the doctrine of

14  avoidable consequences on the grounds that Plaintiff and/or any of the putative members of the class

15  unreasonably failed to make use of Defendant's practices or procedures by failing to timely and

16  properly report any purportedly unlawful acts and/or omissions alleged in the Complaint.

17

## SEVENTEENTH AFFIRMATIVE DEFENSE

18

### (Constitutional Defense to Penalties)

19    17.    As a separate and affirmative defense to Plaintiff's Complaint and to each cause of

20  action alleged therein, Defendant alleges that Plaintiff's claims for penalties for alleged violations of

21  the California Labor Code are barred by the excessive fines clause of the Eighth Amendment to the

22  United States Constitution, and the corresponding provisions of the California Constitution.

23

## EIGHTEENTH AFFIRMATIVE DEFENSE

24

### (Lack of Standing – Class Action)

25    18.    As a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges that

26  Plaintiff lacks standing and cannot represent the interests of the other alleged putative class members

27  as to some or all of the purported claims.

28

**EXHIBIT 3 – PAGE 64**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NINETEENTH AFFIRMATIVE DEFENSE

### (Cannot Satisfy Class Action Requirements)

19.    As a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges that Plaintiff and/or putative members of the purported class action cannot satisfy the requirements for a class, group, representative, and/or collective action, including but not limited to commonality, numerosity, and/or ascertainability.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Internal Grievance or Complaint Procedures)

20.    The Complaint and each purported cause of action alleged therein are barred, in whole or in part, because Plaintiff failed to exhaust internal grievance or complaint procedures or available administrative remedies.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

21.    As a separate and affirmative defense to Plaintiff's cause of action for alleged violation of California Business and Professions Code § 17200, *et seq*., Defendant alleges that the claims brought by Plaintiff are barred, in whole or in part, because Plaintiff has an adequate remedy at law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Enforceable Arbitration Agreement(s))

22.    As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action therein, Defendant alleges that Plaintiff and/or the putative members of the class are subject to a valid arbitration agreement entered into with Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Duplicative Earlier-Filed Action)

23.    As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action therein, Defendant alleges that the claims brought by Plaintiff and/or putative members of the class are subsumed within other currently pending and earlier-filed actions.

DEFENDANT IKEA DISTRIBUTION SERVICES, INC.'S
ANSWER TO PLAINTIFF TRAVIS BERNARDS' COMPLAINT

**EXHIBIT 3 - PAGE 65**

1

## RESERVATION OF RIGHTS

Defendant reserves the right to assert any additional defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery, when and if the same have been ascertained.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff's Complaint be dismissed with prejudice and in its entirety;

2.    That Plaintiff and the putative members of the class take nothing by this action;

3.    That judgment be entered against Plaintiff and in favor of Defendant on all causes of action asserted in the Complaint;

4.    That Defendant be awarded all costs and attorneys' fees incurred in defending this action; and

5.    That Defendant be granted such other and further relief as the Court may deem just and proper.


DATED:  September 30, 2024

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: _____
       Alexander M. Chemers
       Omar M. Aniff

Attorneys for Defendant
IKEA DISTRIBUTION SERVICES, INC.

9

1
2

## PROOF OF SERVICE
*Travis Bernards v. IKEA Distribution Services, Inc., et al.*
Case No. 24CV001465

3
4
5

    I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Los Angeles, in the office of a member of the bar of this court at whose direction the service was made.  My business address is 400 South Hope Street, Suite 1200, Los Angeles, CA 90071.

6

    On September 30, 2024, I served the following document(s):

7
8

## DEFENDANT IKEA DISTRIBUTION SERVICES, INC.'S ANSWER TO PLAINTIFF TRAVIS BERNARDS' COMPLAINT

9
10

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached mailing list.

11
12
13

☒    **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

14
15

☐    **BY MAIL:**  I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at 400 South Hope Street, Suite 1200, Los Angeles, CA 90071.

16
17
18
19

☐    **BY OVERNIGHT DELIVERY:**  I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Los Angeles, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

20
21
22
23

☐    **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

        ☐    the written confirmation of counsel in this action:

        ☐    **[State Court motion, opposition or reply only]** Code of Civil Procedure section 1005(b):

24
25
26
27
28

☐    **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

10

1  Joseph Lavi, Esq.                                    Attorneys for Plaintiff
   Vincent C. Granberry, Esq.                           Travis Bernards, on behalf of himself and
2  LAVI & EBRAHIMIAN, LLP                               others similarly situated
   8889 W. Olympic Boulevard, Suite 200
3  Beverly Hills, CA  90211
   Telephone:   (310) 432-0000
4  Facsimile:   (310) 432-0001
   Email:       jlavi@lelawfirm.com
5               vgranberry@lelawfirm.com

6  ☒     (State)     I declare under penalty of perjury under the laws of the State of California that
                     the above is true and correct.
7
              Executed on September 30, 2024, at Los Angeles, California.
8

9  Vanessa Gutierrez
   _____            _____
10 Type or Print Name                       Signature
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT IKEA DISTRIBUTION SERVICES, INC.'S
ANSWER TO PLAINTIFF TRAVIS BERNARDS' COMPLAINT

EXHIBIT 3 - PAGE 68