UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRAVIS BERNARDS,

Plaintiff,

v.

IKEA DISTRIBUTION SERVICES, INC.,

Defendant.

Case No. 24-cv-06872-ASK

**ORDER GRANTING MOTION TO COMPEL ARBITRATION**

Re: Dkt. No. 30

Defendant IKEA Distribution Services, Inc. ("IKEA") moved to compel arbitration of the wage and hour claims brought by Plaintiff Travis Bernards. *See* Dkt. 30-1 at 6 ("Motion to Compel"). The deadline to respond to the Motion to Compel has passed, and Bernards has filed no opposition. *See* Dkt. 31 at 2. For the reasons set forth below, the Court grants the Motion to Compel, orders the parties to proceed to arbitration, and stays this action pending arbitration.

I.    **BACKGROUND**

Bernards worked as an IKEA hourly employee from 2018 to 2024. Dkt. 1, Ex. 1 at 3 ("Complaint"). In October 2022, IKEA introduced a mutual arbitration agreement called the "IKEA Alternative Dispute Resolution Agreement" that obligated IKEA and signing employees to resolve their legal disputes in binding arbitration. Motion to Compel at 6; *see* Dkt. 30, Ex. A at 7 ("Arbitration Agreement" or "Agreement"). The Agreement covers, *inter alia*, "all claims pertaining to Employee's past, present, or future employment or other relationship with Company . . . and all claims for . . . wages, overtime, or other compensation . . . or violation of any federal, state, or local law." Agreement at 6. The Agreement also provides that it is "governed by the Federal Arbitration Act." *Id.* at 6; *see* 9 U.S.C. §§ 1–16 ("FAA"). Bernards signed the Arbitration Agreement via Docusign on November 7, 2022. Motion to Compel at 7; *see* Agreement at 9–10.

In August 2024, Bernards sued IKEA in state court in Napa County, alleging on behalf of

himself and other similarly situated employees that IKEA failed to pay him for hours worked, failed to permit him proper meal and rest periods, failed to provide him with accurate wage statements, and engaged in various other illegal pay practices. Complaint at 3–12. IKEA removed to this Court the next month, *see* Dkt. 1 at 2, and now moves to compel arbitration, *see* Motion to Compel.

## II.    DISCUSSION

By its terms, the FAA "requires district courts to compel arbitration of claims covered by an enforceable arbitration agreement." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 855 (9th Cir. 2022) (citing 9 U.S.C. § 3). "The court's role under the [FAA] is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citations omitted). "If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." *Id.*

To make these determinations, "district courts rely on the summary judgment standard of Rule 56 of the Federal Rules of Civil Procedure." *See Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021) (citing, *inter alia*, *Tabas v. MoviePass*, Inc., 401 F. Supp. 3d 928, 936 (N.D. Cal. 2019)). Accordingly, IKEA must show that there is no genuine issue as to any material fact regarding either the existence of a valid agreement to arbitrate or whether the agreement encompasses the dispute at issue. *See Chiron*, 207 F.3d at 1130; *Singh v. Adobe Inc.*, 797 F. Supp. 3d 1038, 1044 (N.D. Cal. 2025) (citing *Hansen*, 1 F.4th at 670) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)) ("To prevail under the summary judgment standard, Adobe must show there is no genuine issue as to any material fact regarding formation of the arbitration contract."); *Tabas*, 401 F. Supp. 3d at 936 ("Only when there is no genuine issue of fact concerning the formation of the arbitration agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement." (quoting *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1141 (9th Cir. 1991))).

With respect to whether a valid agreement to arbitrate exists, "federal courts apply state-

United States District Court
Northern District of California

law principles of contract formation." *Berman*, 30 F.4th at 855 (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). "To form a contract under . . . California law, the parties must manifest their mutual assent to the terms of the agreement," which they may do "by written or spoken word." *Id.* (citing *Specht v. Netscape Communications Corp.*, 306 F.3d 17, 29 (2d Cir. 2002)). "The test is whether a reasonable person would, from the conduct of the parties, conclude that there was a mutual agreement." *Marin Storage & Trucking, Inc. v. Benco Contracting & Eng'g, Inc.*, 89 Cal. App. 4th 1042, 1050 (2001), *as modified* (June 8, 2001) (citations omitted). The record adduced by IKEA, including the Arbitration Agreement signed by Bernards, supplies evidence that a valid agreement to arbitrate exists. *See* Motion to Compel at 10–12; *see generally* Agreement.

So too has IKEA established that the Agreement encompasses the dispute at issue. The Agreement covers "all claims for . . . wages, overtime, or other compensation . . . or violation of any federal, state, or local law," Agreement at 6, and Bernards brings just such wage and hour claims, *see* Complaint at 18–30. IKEA has asserted that all claims are arbitrable. *See* Motion to Compel at 14–15.

Bernards has not opposed. *See* Dkt. 31. Under Rule 56(e), "if a party fails to . . . properly address another party's assertion of fact," the Court may "consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials— including the facts considered undisputed—show that the movant is entitled to it[.]" Fed. R. Civ. P. 56(e). The Court finds here that Bernards has failed to properly address IKEA's assertions that a valid agreement to arbitrate exists and that such agreement encompasses the dispute at issue, *see Chiron*, 207 F.3d at 1130; accordingly, under Rule 56(e)(2) the Court considers those facts undisputed, *see id.* Pursuant to the FAA, the Court is therefore "require[d] to enforce the arbitration agreement in accordance with its terms." *Chiron*, 207 F.3d at 1130.

The Court does so. Bernards and IKEA are ordered to enter arbitration in accordance with the terms of the Arbitration Agreement. *See id.*; *see generally* Agreement. Pursuant to Section Three of the FAA, this action is stayed pending arbitration. *See* 9 U.S.C. § 3; *Martin Marietta Aluminum, Inc. v. Gen. Elec. Co., 586 F.2d 143, 147* (9th Cir. 1978) ("The Act provides for a stay

pending compliance with a contractual arbitration clause."). By December 17, 2026, the parties shall file a joint statement updating the court on the status of arbitration. If by that date the parties have not begun arbitration, the Court will dismiss this action.

**IT IS SO ORDERED.**

Dated: June 17, 2026

AJAY KRISHNAN
United States Magistrate Judge

United States District Court
Northern District of California